## HICKS *vs.* LAWSON.

[TRESPASS QUARE CLAUSUM FREGIT.]

1. *Second motion to suppress deposition.*—When a motion to suppress a deposition has been made and overruled, a renewal of the motion at a subsequent term, even on the ground of newly discovered evidence showing that the deposition was improperly taken, is addressed to the sound discretion of the primary court, and its action is not revisable on error or appeal.

2. *Admissibility of evidence showing deposition to have been improperly taken, to impair its weight with jury ; offer of evidence for specified purposes, legal and illegal.*—Evidence showing that a deposition was improperly or irregularly taken—as, that one of the parties was present when it was taken, and had the answers of the witness already written out in his own handwriting, and read each answer to the witness as the questions were asked, and that they were written down as read by him—is proper for the consideration of the court, on a motion to suppress the deposition, but is not admissible before the jury, "for the purpose of impairing the weight of the deposition"; and if such evidence is offered for the purpose of impeaching the credit of two witnesses, whose depositions are shown to have been thus taken, while it contradicts the statements of only one of them, the court may reject it altogether.

3. *Admission implied from silence.*—Where evidence is offered against a party, showing that a statement was made in his presence, which contained an accusation against him, and to which he did not reply, thereby raising an implied admission on his part of the truth of the

Hicks v. Lawson.

charge; and the court instructs the jury, both at the time the evidence is admitted, and afterwards when they are about to retire, that they must not allow it any weight or effect whatever, "unless they are satisfied, from the whole evidence, that the statement was in fact made to him, and that it was made under such circumstances, and was of such a character, as would naturally call for a reply from him, and that he did not reply to it,"—the admission of the evidence, thus guarded, can not injure him.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by John R. Lawson, against Henry H. Hicks, and was commenced on the 4th March, 1858. The trespass complained of was alleged to have been committed by the defendant, by entering on the plaintiff's premises, on the night of 28th August, 1854, in company with several other persons, and shooting at the plaintiff through the windows of his house. The record does not show what pleas were filed. The jury gave the plaintiff $10,000 damages. "Before entering on the trial," as the bill of exceptions states, "the defendant moved the court to suppress the depositions of Squire Hunter and Luther Ramsey. These motions were made at the same time, but separately; and, in support of said motions, the defendant offered to introduce the deposition of James Dennistoun, and to prove that the answers of said witnesses, Hunter and Ramsey, in the exhibits to Dennistoun's testimony attached, and from which their answers in their said depositions were taken, were in the handwriting of the plaintiff, and were obtained from said witnesses since the last term of the court; and that all these facts, so proposed to be proved in support of said motions, had been discovered by him since the last term of the court. It was duly proved to the court, by the records of the court, that the defendant had moved to suppress both of said depositions at the last term, and that said motions were then tried and overruled by the court. The court thereupon refused to receive said testimony, or any part thereof, and also refused to suppress said depositions, or either of them; to which several rulings and refusals the defendant excepted."

"After said depositions of Hunter and Ramsey had been

read in evidence on the trial, against the objection of the
defendant, the defendant offered to prove to the jury, for
the purpose of impairing the weight of said depositions,
that the plaintiff was present when said depositions were
taken by the commissioner, and read out to the commis-
sioner, from a paper in his (Lawson's) handwriting, the
answer of each witness to each interrogatory; and offered
to introduce said paper in evidence, and to show that it was
in Lawson's handwriting, and that the answers therein con-
tained were in exact accordance with their answers as found
in their said depositions. The plaintiff objected to the in-
troduction of this evidence, and the court sustained his
objection; to which ruling the defendant excepted. The
defendant further offered to prove, that the plaintiff was
present when the depositions of Hunter and Ramsey were
taken, and, when the questions were propounded to each wit-
ness, suggested to him the answer to be made to each in-
terrogatory, and read to the commissioner, from a paper in
his (plaintiff's) own handwriting, the answer of each wit-
ness to each of said interrogatories. The plaintiff objected
to the introduction of this evidence, and the court sustained
the objection; to which ruling of the court the defendant
excepted."

During the trial, the plaintiff offered to read to the jury
the answer of one William Jackson to the 8th interroga-
tory propounded to him by the plaintiff; which answer was
in the following words: "Shortly after Walker's death, I
met Hicks at Union Springs, and said to him, that he had
taken Walker, and others of his crowd, and went down to
Lawson's house, and shot at him in the night, while asleep
on his bed; and, not satisfied with that, that he had urged
Walker on to Lawson, until he had got him killed; and
that it was a pity but it had been him, instead of Walker.
Hicks never denied it, but made no reply." (Walker was
the defendant's overseer at the time of the alleged trespass
on the plaintiff's premises, and, according to his subsequent
confessions as detailed by the witness Jackson, was the
person who shot at the plaintiff. He was afterwards indicted
for that offense, was tried, and acquitted; but was subse-
quently killed by the plaintiff, in a rencounter between

Hicks v. Lawson.

them.) "Before the plaintiff offered to read to the jury the answer of said Jackson to said 8th interrogatory, it had been proved that said Jackson was, at the time referred to in his said answer, and had been for many years, on intimate terms with the defendant. That part of the deposition of said witness, which showed that he was on intimate terms with the defendant, was also introduced in evidence, against the defendant's objection; and to this action of the court the defendant excepted. The court overruled the objection of the defendant to the answer of said witness to said 8th interrogatory, and permitted the plaintiff to read said answer in evidence to the jury; but distinctly stated to the jury, at the same time, that they must not allow any weight or effect whatever to said answer, unless they were convinced from the whole evidence in the cause, in the first place, that the said statement of the said witness was in fact made to the defendant, and that it was made under such circumstances, and was of such a character as naturally called for a reply from him, and that the defendant was at the time in such a situation that he would probably respond to it, and that he did not respond to it; to which rulings and decisions of the court the defendant excepted." The court afterwards instructed the jury, in reference to this evidence, "that they must first determine, from the whole evidence, whether they believed that said statement was made by the witness to the defendant, and was made under such circumstances, and was of such a character, as naturally called for a reply from him, and that he made no reply to it; that, if they did not believe all this from the evidence, they must not allow any weight or effect whatever to said answer as evidence, and must altogether exclude it from their consideration in making up their verdict; but, if they believed all this, they might consider the defendant's failure to reply to the said statement as an admission of the truth of said statement, if they thought proper so to consider it. The defendant also excepted to this charge of the court."

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

Geo. W. Gunn, with whom were Clopton & Ligon, and Thos. H. Watts, for appellant.

W. P. Chilton, contra.

R. W. WALKER, J.—[1.] The action of the court below in refusing to hear the evidence offered in support of the motion to suppress the depositions of Hunter and Ramsey, and in overruling that motion, was, in substance and effect, a refusal to re-try, on the ground of newly discovered evidence, a motion to suppress depositions. The hearing a second time of a motion to suppress a deposition, is a matter which must be left to the discretion of the court to which the application is made. It is like an application for a new trial, or for permission to file new pleas, or to renew any motion which is made in the progress of a cause, and falls within the principle of several decisions heretofore made by this court, which are collated in *Mahone v. Williams*, decided at the present term. The refusal of a new trial can not be revised, no matter how important the cause, nor how well founded the application may have been. There is no distinction, between the refusal of a new trial of a cause, and the refusal of a new trial of a motion to suppress a deposition, which would justify the adoption of a different rule in the two cases. We think it consistent with principles recognized in this court, and in every respect the better practice, to hold the decision of all such questions as the allowance of the renewal of a motion to be in the discretion of the court below, and not revisable. Such a question "depends so much on the discretion of the court below, which must be regulated more by the circumstances of every case than by any precise and known rules of law, and of which the superior court can never become fully possessed, that there would be more danger of injury in revising matters of this kind, than what might result now and then from an arbitrary and improper exercise of this discretion."—*Mar. Ins. Co. v. Hodgson*, 6 Cranch, 206.

[2.] After the court had refused to hear the evidence which the defendant proposed to introduce in support of his motion to suppress the depositions, the defendant, in the course of the trial, offered the same evidence, "for the

purpose of impairing the weight of the depositions." This
evidence related entirely to the manner of taking the depo-
sitions, and would seem to be pertinent only to the question,
whether they had been regularly or irregularly taken. This
was a question exclusively for the court, and had been de-
cided by the court. It is said, however, that the evidence
was admissible, for the purpose of impeaching the witness
Hunter, because it contradicted some of the statements
contained in his deposition. We need not inquire whether
the statement that evidence was offered "for the purpose of
impairing the weight of the depositions," should be con-
strued as a statement that it was offered for the purpose of
impeaching the witnesses. Nor will we stop to consider
whether the witness Hunter could be impeached by contra-
dicting his statements as to the matters referred to; nor
whether there are not other satisfactory reasons for reject-
ing the evidence. It is a sufficient answer to the argument
just mentioned, to say that, conceding the appellant's con-
struction of the bill of exceptions to be correct, the evi-
dence was offered for the purpose of impeaching the wit-
ness Ramsey, as well as for the purpose of impeaching
Hunter; and as it is not pretended that it contradicted any
part of Ramsey's deposition, it was clearly not admissible
for the purpose of impeaching him.—*Campbell v. State*,
23 Ala. 44 (81). When evidence is offered for two specified
purposes, for either of which it is inadmissible, it is not error
to reject it.—*Johnson v. Marshall*, 34 Ala. 522; *Bartee v.
James*, 33 Ala. 34.

[3.] The defendant could not have been injured by the
admission of the answer of Jackson. to the 8th interroga-
tory, guarded, as it was by the court at the time of its in-
troduction, and by the subsequent charge to the jury.—
See *Lawson & Swinney v. State*, 20 Ala. 65.

Judgment affirmed.