# Daffron *v.* Crump.

*Claim Suit for Personal Property.*

1. *Statutory separate estate of wife; what is.*—If a purchase of personal property is made by the husband with the proceeds of the *corpus* of the wife's statutory separate estate, and no conveyance in writing is made, and nothing is said at the time of the purchase as to the person for whom it is made, whether for the wife or for the husband, the personal property so purchased belongs to the wife as her statutory separate estate.

2. *Same; income from; the husband's rights therein.*—Crops raised on lands belonging to the wife's statutory separate estate after the marriage, constitute income and profit, which go to the husband as the wife's trustee, and are not subject to the payment of his debts; but if such crops are used by the husband in the purchase of personal property, the trust no longer follows them, but the property so purchased belongs to him, and is subject to the payment of his debts.

3. *Evidence; ownership of personal property a fact to which a witness may testify.*—Ownership of personal property is a fact, to which a witness may testify; but on cross examination such witness can be required to state the particular facts, on which the claim of ownership rests.

4. *Evidence; admissibility of declarations.*—While, as a rule, on the trial of the right of property, declarations or admissions by the defendant in execution, made in the absence of the claimant, are hearsay and not admissible evidence; yet, declarations by parties in possession of personal property explanatory of their possession, constitute a part of the

[Daffron v. Crump.]

*res gestæ*, and may be given in evidence, no matter who are the parties to the suit. Such declarations, however, must not go beyond the time at which they are spoken.

APPEAL from St. Clair Circuit Court.

Tried before Hon. LEROY F. BOX.

The appellee having obtained a judgment against Wesley Daffron, the husband of the appellant, before a justice of the peace, caused an execution to be issued thereon, which was levied on a "yoke of oxen," as the property of the defendant in execution. A claim to the oxen was interposed by the appellant under the statute, which was tried before the justice, and from the judgment rendered by him an appeal was taken to the Circuit Court, where the cause was tried *de novo*. The evidence introduced on the trial tended to show, that the defendant in execution purchased the oxen in controversy from one Wright, and paid him therefor ten bushels of wheat, and gave his note for the balance, which he afterwards paid out of the proceeds of wheat and cotton which he had sold; and that the wheat and cotton so used in the purchase of the oxen were raised on lands belonging to the appellant as her statutory separate estate; but it was not shown whether the wheat and cotton were raised before or after their marriage. At the time of the purchase nothing was said as to the person for whom the oxen were bought, whether for the husband or the wife. Both the appellant and her husband were examined as witnesses on her behalf, and to each of them her counsel propounded in substance this question: "To whom did said oxen belong after the purchase and before they were taken under execution;" but the court, on objection made by the appellee, refused to allow the question to be answered, and the appellant excepted. The appellee also introduced in evidence, against the appellant's objection, declarations made by the husband tending to show that he had asserted ownership in the oxen, and the appellant excepted.

The court, in its general charge, instructed the jury, "that, if Wesley Daffron by instrument in writing, in the execution of which the wife did not join, sold wheat and cotton which was grown on his wife's land and got money for it, the money so obtained would be his property, and if he used said money in purchasing other property, the property so purchased would be his, and would be liable to said execution." To this charge the appellant excepted. The jury returned a verdict in favor of the appellee, upon which a judgment was rendered condemning the oxen to the satisfaction of the appellee's execution; and from that judgment this appeal was taken. The errors assigned are the rulings of the court above noted.

VOL. LXIX.

[Daffron v. Crump.]

STONE, J.—The present record does not inform us whether the wheat and cotton, which were used in paying for the oxen, were produced before or after the marriage of claimant with Mr. Daffron. If before, then they were of the *corpus* of her estate. If afterwards, they were income and profits. The proper settlement of this question enters materially into the power and authority of the husband over their proceeds, and consequently into the question of ownership of the oxen. If the wheat and cotton were of the *corpus* of the wife's estate, then, inasmuch as the title to chattels is not usually evidenced by writing, and there is no evidence that the title to the oxen was conveyed in writing, the fact that the husband negotiated the purchase would not determine the ownership of the oxen. The proceeds of the sale of such property " is the separate estate of the wife, and may be reinvested in other property, which is also the separate estate of the wife."—Code of 1876, § 2709; *Evans v. English*, 61 Ala. 416, 422; *Marks v. Cowles*, 53 Ala. 499; *Sterrett v. Coleman*, 57 Ala. 172. So, if the purchase was made with the proceeds of the *corpus* of Mrs. Daffron's estate, and if no paper conveyance was made to Daffron, and if, as testified by Wright, the seller, "nothing was said at the time as to who he was purchasing the oxen for," then they became the property of Mrs. Daffron.—*Evans v. English, supra.*

If, however, the wheat and cotton, with which the oxen were paid for, were produced after the marriage of Mr. and Mrs. Daffron, the rule is different. Such income and profits go to the husband, who administers the same, "and is not required to account with the wife, her heirs or legal representatives" for the same. True, he receives them only as trustee, and so long as they remain income and profits, they are not subject to the payment of his debts.—Code of 1876, § 2706. When, however, they are used by the husband in the purchase of property, the trust follows them no farther. They then become property of the husband, with all the incidents of property belonging to him.—*Early, Lane & Co. v. Owens & Co.*, 68 Ala. 171. The charge given can hardly be reconciled with the above views.

In *Nelson v. Iverson*, 24 Ala. 9–18, it is declared that ownership of personal property is a fact to which a witness may testify. Each of the witnesses, Mr. and Mrs. Daffron, proposed to testify as to the ownership of the property. This testimony was ruled out on the objection of plaintiff in execution. In this the Circuit Court erred. The witnesses should have been allowed to answer the question. Of course, on cross examination, they could have been required to state the particular facts, on which the claim of ownership rested.—*S. & N. R. R. Co. v. McLendon*, 63 Ala. 266.

Two principles of evidence, settled in this State, will proba-

[Lowe v. Guice.]

bly arise on another trial. In trials of the right of property, declarations or admissions by the defendant in execution, made in the absence of the claimant, are, as a rule, not admissible. They come under the class of hearsay evidence. But parties in possession of such property may make declarations explanatory of their possession, and either claim or disclaim ownership of the property, and such declarations may be given in evidence in an issue of disputed ownership, no matter who may be the parties to the suit. This, because they are supposed to constitute a part of the *res gestœ.* Such declarations, however, must not go beyond the time at which they are spoken. A declaration as to how title was acquired, is not admissible.—*Thomas v. Degraffenreid,* 17 Ala. 602; 1 Brick. Dig. 837, §§ 461–2, 4, 471–2; *Hicks v. Lawson,* 39 Ala. 90; 1 Brick. Dig. 838–9, §§ 487, 490, *et seq.; Perry v. Graham,* 18 Ala. 822. What is here said is intended more as a guide for another trial, than as a special comment on the rulings on those questions shown in this record. We reverse alone on the refusal of the court to receive testimony of ownership by Mr. and Mrs. Daffron.

Reversed and remanded.