# Guy *v.* Lee.

## *Trial of the Right of Property.*

1. *Admissibility of affidavit and writ of attachment as evidence against claimant.*—On the trial of a statutory claim suit, the plaintiff's affidavit and writ of attachment are admissible as evidence against the claimant, notwithstanding any defects or irregularities; but not when they are void.

2. *Attachment for breach of contract; special affidavit, when not necessary.*—In an action for a breach of warranty in a sale of personal property, the damages are not uncertain, or unliquidated; and therefore, when the action is commenced by attachment (Code, §§ 3252, subd. 3, 3257), a special affidavit is not necessary.

3. *Admissibility of claim bond as evidence.*—The bond given by the claimant for the property levied on is admissible as evidence for the plaintiff.

4. *Proof of agency.*—A witness can not testify to agency as a fact, when his testimony tends to disprove the fact of any agency, and is the mere expression of an opinion or inference by him, unsupported by any facts.

5. *Declaration by person in possession of personal property.*—The declarations of a person in possession of personal property, asserting ownership in himself, are admissible as evidence; but not his declarations as to the source or manner in which he acquired title.

6. *Declarations of husband as evidence against wife.*—Declarations against interest, made by the husband, can not affect the wife's rights, and are not admissible as evidence against her; but this principle does not apply to his declarations while in possession of personal property, to which she then has no right.

APPEAL from the Circuit Court of Colbert.
Tried before the Hon. H. C. SPEAKS.

[Guy v. Lee.]

This was a "trial of the right of property" in a certain "bay" mule, between the appellee, W. C. Lee, as plaintiff in attachment, and the appellant, Bettie M. Guy, as claimant. The attachment suit was against George S. Foster, and was for damages for a breach of warranty of the title of a mare sold by Foster to Lee.

On the trial of the claim suit, the plaintiff offered in evidence the writ of attachment in said suit, which had been levied on the mule in controversy. The claimant objected to its introduction in evidence on the ground, as stated in the bill of exceptions, "that judgment had been rendered in the attachment suit." (The ground of objection referred to in the opinion is set up in the argument of counsel for appellant.) The court overruled the objection and admitted the writ in evidence, and the claimant excepted.

The plaintiff offered in evidence the affidavit and claim bond of claimant, and claimant objected. The court overruled the objection and claimant excepted.

Samuel J. Inman, a witness for the plaintiff, testified, that he knew George S. Foster three or four years ago, at which time he lived in Colbert county, and had two mules, one of which was a "bay" mule; that Foster left the county three or four years ago, and carried with him said mules, driving them in his wagon, and witness had not since seen him; that he had since seen "the mule in the possession of J. P. Guy," (the husband of claimant), "who said the mule belonged to him"; and that he did not know who owned the mule at the time it was levied on.

The plaintiff asked this witness, if he had a conversation with J. P. Guy about the mule when he saw it in Guy's possession, and if so, to state what Guy said. The claimant objected to this question, because it called for a conversation between the witness and Guy, who was not a party to the suit, and which was not in the presence or hearing of either of the parties to the suit, and because it called for illegal, incompetent and irrelevant evidence. The court overruled the objection and claimant excepted. The witness, in answer to the question, testified, that "Guy told him Foster had stolen Guy's wife's (claimant's) mule; that he had arrested Foster and was bringing him back to Colbert county; that he was riding the bay mule, and they having stopped on the road, Foster escaped, and he (Guy) brought the mule back with him." The claimant objected to the answer, and moved to exclude the same on the same grounds as those stated in objection to the question. The court overruled the objection and motion, and the claimant excepted.

J. J. Inman, a witness for the plaintiff, testified, that he

[Guy v. Lee.]

had seen Foster with a bay mule in 1881, and, after Foster left the county, he saw the mule in the possession of J. P. Guy, who claimed it, but he did not know who owned the mule. The value of the mule was proven, and the sheriff testified, that he deputized one Fred Tapps to execute the attachment, and that he (the sheriff) took and approved the claim bond.

The said J. P. Guy, husband of claimant, testified, as a witness in her behalf, that the mule in controversy was in the possession of the claimant at the time of the levy, and was her property. He further testified, " that Foster had stolen a mule of claimant and he (witness), as agent of claimant, searched for and found the mule in Blount county ; that he arrested Foster and put him in charge of two men, Warren and Armstrong, to hold until he (witness) could go to Blountsville and return, and on his return, said Warren and Armstrong told him they had turned Foster loose, and, thereupon, they delivered to him, as agent of the claimant, the mule in controversy; which he accepted for the claimant in payment of the money expended by claimant in searching for the stolen mule." The plaintiff objected to said evidence and moved the court to exclude it; the court sustained the objection and excluded the evidence, and the claimant excepted.

The claimant then asked the witness the following questions in the following order :  " Were Warren and Armstrong acting as the agents of Foster when they delivered the mule to you, as agent of the claimant, in lieu of the money expended by her in search of the stolen mule ?  2. State whether or not the mule was delivered to you by Warren and Armstrong, as the agents of Foster.  3. State whether or not you were the agent of claimant, and the money you expended in searching for the mule was the property of the claimant."

The court sustained an objection to each of these questions as they were asked, and the claimant separately excepted to the disallowance of each question.

This being substantially all the evidence, the court, ex mero motu, charged the jury, that " if they believed the evidence, they must find a verdict for the plaintiff, and assess the value of the mule at what it was proven to be worth." The claimant excepted to this charge. The points reserved by exception are here assigned as error.

J. T. KIRK, for appellant.—1. The attachment having been issued under sub-div. 3, of sec. 3252 of the Code of 1876, without the affidavit required by section 3257, was void and

[Guy v. Lee.]

hence not admissible as evidence. 2. The declaration of J. P. Guy, that the mule belonged to him, was inadmissible. "The declarations or admissions of living individuals not parties to the suit or having such an interest in it as to render their admissions evidence, are never admitted except in explanation of facts and transactions at the time of the declarations."— l Brick. Dig. 824, § 431. "Nothing the husband can do or say can bind the statutory estate of the wife, except for articles of comfort and support of the family."— *Ward v. Johnson,* — Ala. Dec. T. 1885. Property belonging to a married woman is presumed *prima facie* to constitute a part of her statutory separate estate.—*Patterson v. Kicker,* 72 Ala. 406; *Steed v. Knowles,* — Ala. Dec. T. 1885. 3. " If the possession at the time of the levy is in a stranger or in the claimant, the title of the defendant in attachment must be proved, as he would be compelled to prove it, if he were the actor, subject to the burden of proof."—*Shahan v. Herzberg, et al.,* 73 Ala. 59. At the time of the levy claimant was in the possession, and plaintiff did not prove title in Foster, only possession, sometime before he left.—*Jackson v. Bain,* 74 Ala. 328; *Elliott v. Stocks & Bro.,* 67 Ala. 290. 4. It was competent for claimant to prove the agency of Warren & Armstrong, who sold her the mule, and that she bought from them before the levy.—Story on Agency, § 70; 38 Ala. 208; 39 *Ib.* 33; 1 Brick Dig. 54, §§ 12, 55, 26; 68 Ala. 453.

WILLIAM C. COOPER, *contra.*—1. The writ of attachment and claim bond and affidavit were competent evidence. *Meyer v. Clark,* 40 Ala. 259; *Henderson v. Bank, &c.,* 11 *Ib.* 858; *Lanier v. Bank, &c.,* 18 *Ib.* 629. If affidavit of claim was irrelevant, the admission of irrelevant evidence is no ground for reversal.—*Meyer v. Clark, supra.* At most it was error without injury. - 8 Ala 104; 725; 821; 36 *Ib.* 80; 703. · 2. J. P. Guy's declaration to Inman was admissible to impeach Guy's credibility. 3. Warren & Armstrong should have been introduced as witnesses to prove their agency. A witness who *knows* the fact of agency may prove it.—*Cen. R. R. & Bk. Co. v. Smith,* 76 Ala. 572. Guy, at best, could only have stated what Warren & Armstrong told him as to their agency.

SOMERVILLE, J.—1. It is objected that the affidavit and writ of attachment sued out by the plaintiff, against the defendant in the attachment suit, Foster, was not admissible in evidence against the claimant of the property levied on, because it is void. If this be true—that is, if the

[Guy v. Lee.]

process be void, and not merely irregular or defective—the objection is well taken, otherwise not. —*Talliaferro v. Lane,* 23 Ala. 369 ; *Ellis v. Martin,* 60 Ala. 394.

The argument is, that the action being one to recover damages which are " not certain or liquidated," within the meaning of section 3252 of the Code (1876), sub-div. 3, in order to authorize a writ of attachment to issue, there must have been an additional affidavit of " the special facts and circumstances " required by section 3257 of the Code, so as to have enabled the judge to determine the amount for which a levy should be made. There is nothing in this suggestion. The action is for a breach of warranty in the sale of personal property, and this is not for damages which are uncertain or unliquidated, but it is " a moneyed demand, the amount of which can be certainly ascertained," within the meaning of sub-div. 2, of said section 3252 of the Code. No such special affidavit was therefore required.—*Bozeman v. Rose,* 40 Ala. 212 ; *Weaver v. Puryear,* 11 Ala. 941 ; *Yonge v. Holly,* 27 Ala. 203 ; *Gibson v. Marquis,* 29 Ala. 668.

The attachment proceedings, including the affidavit and writ of attachment, were properly admitted in evidence against the claimant.—*Meyer v. Clark,* 40 Ala. 259 ; *Lanier v. Bank of Montgomery,* 18 Ala. 625.

2. The court did not err, either, in allowing the plaintiff to introduce in evidence the claim bond given by the claimant for the property levied on under the writ of attachment. *Meyer v. Clark, supra; Henderson v. Bank of Montgomery,* 11 Ala. 856 ; *Sandlin v. Anderson,* 76 Ala. 403.

3. We find no evidence in the record which tends to prove that, when J. P. Guy, the husband of the claimant, received the mule in controversy from Warren & Armstrong, he was then acting as the agent of the claimant, or that they acted as the agent of Foster in delivering the property over to him. The transaction involved no sale, trade, gift, or transfer of property, but only a transfer of naked possession unaccompanied by claim of right—originating, in fact, from what appears to have been an abandonment of the mule by the owner, Foster, while escaping from the county, and a casual finding of the animal by Warren & Armstrong as in the case of an estray. Upon this state of the evidence, we, therefore, hold : (1) That, inasmuch as the facts, testified to by the witness Guy, failed to show that he had any personal knowledge whatever of the alleged agency of Warren & Armstrong, but rather the contrary, the court properly excluded the question put to him, as to whether they were acting as the agents of Foster. Agency, in such a case, would not be a fact, but a mere opinion, or deduction of the

witness, unsupported by facts. (2) That it was equally incompetent for the witness to state that he acted as agent for his wife in receiving possession of the mule, nothing being said about the matter at the time, and nothing transpiring from which a transfer for her benefit could be inferred, as, for example, that he paid for the mule a consideration which constituted the corpus of the wife's statutory separate estate, as opposed to the mere income, or other circumstance of like significance.—*Daffron v. Crump,* 69 Ala. 77.

4. The declarations made by the husband, J. P. Guy, claiming ownership of the mule, while it was in his possession, and before any transfer or pretended transfer of it to his wife, were admissible in evidence against the claimant, and the court did not err in so ruling. Such declarations, we have often decided, " are admissible, in an issue of disputed ownership, no matter who may be the parties to the litigation."—*Humes v. O'Brien,* 74 Ala. 64, 80.

5. But such declarations as to how title was acquired, either as to source or manner, are not admissible. The court erred, under this rule, in allowing the witness Inman to be asked in reference to J. P. Guy's declarations detailing circumstances under which he had acquired possession of the mule in controversy.—*Daffron v. Crump,* 69 Ala. 77.

6. If the evidence showed without conflict, that the property in controversy was the wife's statutory separate estate, and did not tend to show that it was the property of Foster, merely in the possession of J. P. Guy, without any right of property in it, the rule would then apply, without doubt, that the husband's declarations made against interest, would be inadmissible to affect the wife's right in this suit, whatever they may be.—*Brunson v. Brooks,* 68 Ala. 248. But the record does not show this to be the case.

For the error above pointed out the judgment is reversed and the cause remanded.