# Jones v. Chenault.

## Trial of the Right of Property.

1. *Res gestæ; conversations are part of when.*—Where a judgment creditor of a husband levies execution on a stock of goods in his possession, and his wife interposes a claim to try the right of property thereto, conversations had between the husband and wife prior to the levy relating to the fact of ownership of the goods in controversy and of the husband's agency in purchasing and controlling them, are admissible in evidence as part of the *res gestæ.*

2. *Wife claiming property may show source of her means used in purchasing.*—In the trial of the right of property in goods which were levied upon as the property of a husband and

[Jones v. Chenault.]

claimed by the wife, the question as to whether the money used in the purchase of the goods belonged to the claimant or her husband was a material inquiry, and it was proper for her to show the source from which the money came.

3. *Agreement between husband and wife as to purchases; effect of.* Where there was an understanding between a husband and wife to the effect that she would invest her money in goods and he would conduct the business for her as her agent, such an agreement and investment, whether known to the seller or not, was effective as between the husband and wife to make the purchase her own and to vest in her the title to the goods.

4. *Married woman; may acquire property.*—Under the statute a married woman may make valid and binding agreements with her husband and she has full capacity to acquire property; and its acquisition by her from persons other than the husband when the consideration does not move from him, can work no fraud upon his creditors for nothing is thereby withdrawn from his estate as in the case of a transfer of his property.

5. *Judgment creditor; not a bona fide purchaser by levy of execution.*—A judgment creditor by the levy of execution parts with nothing of value; his attitude is not that of a *bona fide* purchaser and he acquires no more interest in the property levied on than his debtor had.

6. *Findings of fact when jury waived; allowed to stand when.* Where a jury is waived findings of fact dependent upon the credibility of oral testimony will on appeal be allowed to stand unless the evidence as a whole is such as would justify the setting aside of a verdict.

APPEAL from Talledag City Court.
Tried before Hon. G. K. MILLER.

Action to try the right of property by T. R. Jones against A. F. Chenault, claimant. The plaintiff having a judgment against S. M. Chenault caused execution to be levied on a stock of goods in his possession. The claimant interposed her claim to the goods. The evidence showed that before the purchase of the goods the claimant said to the defendant in execution, who was her husband, that she was going to invest her money in goods and that he was to conduct the business for her; and that the money used by the claimant in purchasing goods was from her father's estate; and that she gave her husband a list of certain goods to be purchased.

There was other evidence tending to show the manner in which the defendant conducted the business; that he purchased goods in his own name, had them shipped to him and advertised the business in his name, paying the store rent by his own notes. But it is not necessary to set out this evidence in full. The issue was tried by the court without a jury, and judgment rendered for the claimant. Affirmed.

KNOX, BOWIE & DIXON, *for appellant*, contended that the agency of the defendant in execution for his wife must be clear and specific, and that the burden of proving it was on her, citing, *L. & N. R. R. Co. v. Gilmer,* 89 Ala. 534; *Galbreath v. Cole,* 61 Ala. 142. And further that the presumption of a gift arises in cases like this, and must prevail, citing, *Newlin v. McAfee,* 64 Ala. 357; *Gordon v. Tweedy,* 71 Ala. 202; *Allen v. Terry,* 73 Ala. 123. Other cases cited are, *Harrell v. Mitchell,* 61 Ala. 270; *Teague v. Lindsay,* 106 Ala. 266; *Goetter v. Norman,* 107 Ala. 585.

WHITSON & GRAHAM, *contra.*
No brief came to the reporter.

SHARPE, J.—The plaintiff having a judgment against S. M. Chenault obtained in 1896, levied an execution issued thereon upon a stock of goods found in Chenault's possession and which was purchased in 1898 by either him or his wife. Mrs. Chenault interposed a claim to the goods and the issue tried involved solely the question as to whether they belonged to her or to the defendant in execution.

None of the assignments of error based upon matters of evidence can be sustained. The conversations refered to in them, had between the claimant and her husband were part of the *res gestae* relating to the fact of ownership of the goods in controversy or of the husband's agency in purchasing and controlling them, and as such were admissible in evidence. Whether the money used in the purchase belonged to the claimant or her husband was a material inquiry and it was proper

for her to show the source from which the money came.

The record fails to show that any question was addresed to J. T. Elliott as mentioned in the eighth assignment of error.

According to the testimony of both the claimant and her husband, that part of the goods obtained from the Georgia Manufacturing Company, was bought by the claimant in person and paid for by her out of her funds.

As to the goods obtained from the Talladega Mercantile Company, the claimant and her husband both testify that they also were paid for by her and from her own funds. The husband testifies that there was an understanding between himself and the claimant in relation to the purchase and sale of the goods to effect that the claimant would invest her money in the goods and that he would conduct the business for her as her agent. Such an agreement and investment whether known to the seller or not, was effective as between the claimant and her husband to make the purchase her own and to vest in her the title to the goods.

Under the statute a married woman may make valid and binding agreements with her husband and she has full capacity to acquire property. Its acquisition by her from persons other than the husband when the consideration does not move from him, can work no fraud upon his creditors for nothing is thereby withdrawn from his estate as in the case of a transfer of his property. If the transaction was in fact according to the claimant's evidence, in the absence of an estoppel growing out of her husband's apparent ownership, there is nothing to prevent the maintenance of her title.

By the levy of his execution the plaintiff parted with nothing of value. His attitude is not that of a *bona fide* purchaser and he acquired no more interest in the property than his debtor had.

The correctness of the judgment depends mainly upon the degree of credibility attaching to the evidence introduced by the claimant. That evidence upon the fact of ownership was practically undisputed and is shaken only by the facts relating to the situation of the parties

and the manner in which the goods were dealt with. This court has ruled that where a jury is waived, findings of fact dependent upon the credibility of oral testimony will on appeal be allowed to stand unless the evidence as a whole is such as would justify the setting aside of a verdict.—*Siniard v. Green*, 26 So. 661. The application of the rule to this record requires that the judgment be affirmed.