# Craddock *v.* Walden.

## *Claim Suit.*

### (Decided November 18, 1913.   63 South. 534.)

1. *Appeal and Error; Review; Joinder in Issue.*—The fact that the record does not disclose a formal issue joined between the parties, is not such error or irregularity as will work a reversal; the judgment showing that issue was joined between the parties, and a verdict had responding to issues.

2. *Trial Right of Property; Judgment; Sale.*—The fact that the judgment ordered the property claimed to be sold or condemned, instead of sold and condemned was not such error as will work a reversal, it being a mere clerical misprision, amendable on motion in the trial court.

3. *Execution; Levy; Ownership.*—Where an execution was levied on a mule found in a lot of the judgment debtor, and it was subsequently claimed by the wife of the debtor, these facts sufficiently show that the judgment debtor had at least a community of possession with the wife sufficient to show prima facie that the mule was subject to the levy, unless it further appeared that the legal title to the mule was in the wife.

4. *Same; Evidence.*—Where the mule levied on was claimed by the wife of the judgment debtor, the wife should have been permitted to prove, as bearing on the bona fides of her claim, that $300 had been borrowed by herself and her husband from a mercantile company, which was secured by a mortgage on all the live stock owned by them, including the mule, and that claimant loaned the money to her husband as a part of the consideration of a sale of the mule levied on which the husband had made to the wife.

5. *Trial Right to Property; Evidence; Res Gestae.*—In trials of right of property levied on under execution, the declarations or admissions of defendant in execution, made in the absence of the claimant are inadmissible as a general rule; but declarations explanatory of possession made by parties in possession, either claiming or disclaiming ownership of property may be introduced in evidence as part of the res gestae regardless of who may be parties to the suit, provided such declarations do not extend beyond the time at which they were spoken.

6. *Same.*—Where the mule levied on under execution as the property of defendant in execution and claimed by the wife of the judgment debtor, was in the stable of one H., declarations made by defendant in execution to the constable having the execution, before they reached the stable, that H. had a claim on the mule, was in disparagement of claimant's title, and was not a part of the res gestae.

APPEAL from Henry Circuit Court.

Heard before Hon. E. H. HILL, Special Judge.

Claim suit between D. A. Walden, execution plaintiff, and Lonie Craddock. Judgment for plaintiff, and claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Walden recovered judgment against B. F. Craddock, and had execution issued and levied upon one mouse-colored mare mule. Lonie Craddock intervened and filed claim bond and affidavit, and issue was made up by the court. The claimant offered a mortgage executed by Lonie and B. F. Craddock to Malone and Espy Mercantile Company, for $333, covering all the live stock owned by them, and offered to prove the consideration of the mortgage, making known to the court that, if permitted to do so, the consideration was $300 and interest, and that the claimant loaned said money to defendant B. F. Craddock, and that the $300, with interest thereon, was a part of the consideration for the bill of sale which B. F. Craddock made to claimant for this particular mule and another mule and cow. The court declined to permit the evidence, and defendant excepted.

ESPY & FARMER, for appellant. Neither the judgment nor the bill of exceptions shows issue joined, and the judgment also orders the property sold or condemned when it should have been sold and condemned.—Sec. 6040, et seq., Code 1907. The court erred in permitting the declarations of defendant to be shown where it was stated that Mr. Holman had a paper on the mule, and that I would not keep him but a few minutes, as testified to by the constable.—*Daffron v. Crump,* 69 Ala. 80. The fact that Craddock had executed Holman a note or mortgage was res inter alios acta as to the claimant.

*Brewton v. Watson,* 65 Ala. 88; *Steele v. Swadley,* 126 Ala. 616. The court should have permitted the claimant to show the transaction leading up to the bill of sale by which she claimed title to the mule.—*Coleman v. Hodges,* 76 Ala. 103. Counsel discuss other errors assigned, but without further citation of authority.

W. L. LEE, for appellee. No brief reached the Reporter.

ANDERSON, J.—It has long since ceased to be an error, or irregularity working a reversal of a judgment that the record does not disclose a formal issue between the parties. The judgment shows that issue was joined between the parties, and a jury tried said issue and found in favor of the plaintiff, and assessed the value of the property, which was ordered sold or condemned to satisfy the plaintiff's judgment.

Nor will the fact that the judgment ordered the property sold or condemned, instead of sold and condemned, operate to reverse the judgment. An error in this respect was but a clerical misprision, amendable upon motion in the circuit court, and would not be cause for reversal here.—*Gray v. Raiborn,* 53 Ala. 40.

The claimant was not entitled to the general charge upon the theory that the plaintiff did not make out a prima facie case because the mule levied upon was not shown to be in the possession of the defendant. The mule was found in the defendant's lot, and the said defendant was presumptively the head of the family. He at least had a community of possession with his wife, and which said possession was not ousted or placed exclusively in the wife unless she had the legal title to the mule.—*Anglin v. Thomas,* 142 Ala. 264, 37 South. 784. The wife, the claimant, attempted to show title

to the mule, but the jury evidently found that she had no title, and that the sale to her by her husband was void. If said sale was void, then the husband had the title and possession, and it was at least a question for the jury as to whether or not the plaintiff made out a prima facie case. Moreover, the evidence showed that the husband did own the mule unless he had made a valid sale to his wife, and the validity of said sale was the only contested issue, and which said question was properly submitted to the jury.

"In trials of the right of property, declarations or admissions by the defendant in execution, made in the absence of claimant, are, as a rule, not admissible. They come under the class of hearsay evidence. But parties in possession of such property may make declarations explanatory of their possession, and either claim or disclaim ownership of the property, and such declarations may be given in evidence in an issue of disputed ownership, no matter who may be the parties to the suit. This because they are supposed to constitute a part of the res gestæ. Such declarations, however, must not go beyond the time at which they are spoken. A declaration as to how title was acquired is not admissible."—*Daffron v. Crump,* 69 Ala. 77; *Ray v. Jackson,* 90 Ala. 513, 7 South. 747; *Baker v. Drake,* 148 Ala. 513, 41 South. 845.

The declarations made by the defendant to the constable that Mr. Holman had a claim on the mule and would get it in five minutes was in disparagement of the claimant's title, and was not a part of the res gestæ, as the mule was in Holman's stable at the time, and said declarations were made by the defendant before they reached the stable.

The claimant should have been permitted to show the consideration of the mortgage to Malone & Espy Co., that she loaned the amount borrowed to the defendant.

and that the bill of sale to the mule in question was made in payment of said debt. Indeed, the only issue in the case was whether or not the defendant owned the mule or had made a bona fide sale of same before the levy, to his wife, the claimant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.