173 So. 21

**FIRST NAT. BANK OF MOBILE et al. v. LARTIGUE.**

**I Div. 933.**

Supreme Court of Alabama.

Jan. 21, 1937.

Rehearing Denied March 18, 1937.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

B. F. McMillan, Jr., of Mobile, for appellee.

FOSTER, Justice.

This is a claim suit growing out of a garnishment on judgment, by virtue of section 8079 et seq., Code. The judgment was rendered November 16, 1928. The garnishee was chief of police of the city of Mobile. The garnishment was issued October 23, 1935. The garnishee admitted the posses-

sion of $5,040 found in the house of defendant when it was searched under a search warrant issued by the city recorder, and stated that he had been notified that the administrators of the estate of Margaret Cox, deceased, claimed the money as belonging to said estate.

The administrators propounded their claim alleging that the money belonged to the estate. On a trial of the issue made up on that claim, there was a verdict and judgment for plaintiff, and claimants appeal. The errors assigned relate to rulings on the trial of the claim suit.

■ The first assignment of error is based on the refusal of the court to excuse from the rule certain persons alleged to be heirs of Margaret Cox, deceased, and as such are said to be the parties in real interest. The parties to a suit have the right to be present during the trial. Smith v. Collins, 94 Ala. 394, 10 So. 334; Ryan v. Couch, 66 Ala. 244. But because certain persons may or not have some uncertain, undefined, contingent interest does not, we think, give them the constitutional right to be present.

■ The administrators have title to the personalty, such as was here involved. They must pay the debts and expenses, and what is left, if anything, is distributed to the distributees. There is nothing here stated to show that there will be anything for distribution if that affects the question. No showing was made of any special need of such persons to assist in the trial. So that we think they showed no right to be present, or that the court abused its discretion in not excusing them. McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; Riley v. State, 88 Ala. 193, 7 So. 149.

■■ The bill of exceptions recites that plaintiff introduced the original complaint in the suit against Clara Moskowitz. On objection, the court sustained it as to the complaint, but overruled it as to date of service. Thereupon plaintiff insisted that the complaint is relevant. Objection was again made to the complaint as being incompetent and immaterial and confusing the issues. The court overruled the objection and claimants excepted. The complaint was then set out in full. The objection, the bill of exception says, was made by plaintiff, and exception by claimants, but for present purposes, and for the sake of considering the question on its merits, we may

assume without deciding that this is self-correcting. Unless there is in the trial some occasion to show when the debt accrued, the complaint and judgment are not necessary for plaintiff, and are sometimes held to be improper and reversible: Taliaferro v. Lane, 23 Ala. 369; Curtis v. Parker & Co., 136 Ala. 217 (3), 33 So. 935; King v. Central Hardware Co., 204 Ala. 336, 85 So. 822; Dollins v. Pollock, 89 Ala. 351, 361, 7 So. 904. But these cases do not take into account rule 45, nor other questions of prejudice. Gayle v. Bancroft's Adm'r, 22 Ala. 316.

The evidence in one aspect showed that defendant had beat up plaintiff, and had been sued for $5,000, and she was hiding her money against that claim. Therefore the time when the cause of action arose as alleged in the complaint has some relevancy on the claim that since then she had a motive for hiding her money. This was material as to its ownership.

■ The third assignment of error relates to a ruling sustaining an objection to a question to plaintiff's witness Lynch, who served the search warrant, when the money was found, as to whether he ever found any other money tied up as that was. Counsel stated that they expected to show that Mrs. Cox always put up her money in that manner. The claim is that Mrs. Moskowitz, or her daughter, stole this money out of Mrs. Cox' house after she died. There was evidence as to how Mrs. Cox put up her money, but it does not appear that the witness had any knowledge of it. The contention as made in brief is that the witness would say that he had never before found any money so tied. This is irrelevant.

Other assignments relate to the refusal to allow claimants to show certain statements made by Mrs. Moskowitz when the search warrant was executed. Plaintiff had proven by Lynch that when he made the search he asked Mrs. Moskowitz: "Why do you keep all this money around your house?" To which she replied: "Well, I tell you, I had an argument with the Lartigues down the road and I gave one of those Lartigue women a whipping and I gave her a good whipping and she sued me for $5000.00, and got a judgment and I wasn't going to let her get any of my money if I could help it." He testified on cross-examination that the money was in a trunk in a little greasy bag. She was lying on a bed in the room. There were five small rolls like a

cigar tied with a string. There were twenties, fifties, and one hundreds in bills, and four tens on a shelf, amounting to $5,040.

Claimant then introduced as a witness Bart Chamberlain, the solicitor. He said he had nothing to do with the execution of the search warrant, and was not at the house of Mrs. Moskowitz when the money was found, but was at the house of Mrs. Hurley, a daughter of Mrs. Moskowitz, across the street, which was also being searched. He went to her house, however, with some officers in a few minutes and found Mrs. Moskowitz there, and the search was still in progress. The money was then still in the house, but Mr. Lynch had taken it out of the trunk, and the statements by Mrs. Moskowitz, inquired about, were made to Mr. Chamberlain immediately following the finding of the money and following the statement to Mr. Lynch, though he was not present when she was talking to Mr. Chamberlain. Thereupon the claimants offered proof of contradictory statements made to Mr. Chamberlain as to the source whence she obtained the money.

Claimants offered to make such proof in great detail by other witnesses, extending into collateral matter embracing a written declaration by a brother of Mrs. Moskowitz. These statements were made before plaintiff acquired a lien by garnishment, but after judgment for the debt was rendered. Speaking generally, the following statement of an applicable principle has been often approved by this court, quoted in Craddock v. Walden, 184 Ala. 58, 63 So. 534, 535: " 'In trials of the right of property, declarations or admissions by the defendant in execution, made in the absence of claimant, are, as a rule, not admissible. * * * But parties in possession of such property may make declarations explanatory of their possession, and either claim or disclaim ownership of the property, and such declarations may be given in evidence in an issue of disputed ownership, no matter who may be the parties to the suit. This because they are supposed to constitute a part of the res gestæ. Such declarations, however, must not go beyond the time at which they are spoken. A declaration as to how title was acquired is not admissible.' Daffron v. Crump, 69 Ala. 77; Ray v. Jackson, 90 Ala. 513, 7 So. 747; Baker v. Drake, 148 Ala. 513, 41 So. 845." See, also, Larkin v. Baty, 111 Ala. 303, 18 So. 666; Cole v. Varner, 31 Ala. 244, 250;

Barnes v. Mobley, 21 Ala. 232; Jones v. Chenault, 124 Ala. 610, 27 So. 515, 82 Am. St.Rep. 211.

There is another principle not dependent upon the doctrine of res gestæ which sometimes has application in claim suits. The plaintiff, a creditor, stands in the right of the debtor as to ownership of the property. If the debtor is not the owner of a right superior to that of claimants, plaintiff in the claim suit cannot win over the claimants. It is said in some of the authorities that on a trial of such right of superiority any evidence is admissible which would be so if the debtor were plaintiff and the claimants were defendants, but with the limitation that for admissions or declarations of the debtor to be admissible against plaintiff in the claim suit, when they are not admissible as part of the res gestæ of his possession, they should have been made before the debt of plaintiff arose. For after it arose, although the creditor may not have acquired a lien or other specific tangible right in the property, his relation as creditor protects him against the impairment of his remedy to collect his debt against admissions or declarations thereafter made. Bell v. Kendall, 93 Ala. 489, 8 So. 492; Goodgame v. Cole, 12 Ala. 77; Hooper v. Edwards, 18 Ala. 280, 283; Pulliam v. Newberry's Adm'r, 41 Ala. 168; Newcombe v. Leavitt, 22 Ala. 631.

So that if the claim of plaintiff in the instant suit had not arisen when the declarations were made by Mrs. Moskowitz, they would have been admissible on that principle against plaintiff. But plaintiff's judgment was rendered long before that time, and, therefore, if her declarations are to be admitted it must be upon some other principle of law.

That feature of Mrs. Moskowitz' statements which claimants offered related to the source whence she derived ownership of the money which she claimed. The authorities are that when one bases a right to evidence of the declarations of a person solely on the ground that he was in possession of property he cannot prove what is said as to the source of the ownership. So that the right of claimants to such proof is not based upon the principle that the declarations offered in evidence were a part of the res gestæ of her possession, nor of the execution of the search warrant. If plaintiff had not introduced a part of her statement, claimants would not

have had the right to prove what she said about the source of her ownership. But since plaintiff made that proof, claimants had the right to prove all she said in that connection, though it related to its source. Jones v. Fort, 36 Ala. 449; Scruggs v. Bibb, 33 Ala. 481; Troy Fertilizer Co. v. Logan, 90 Ala. 325, 8 So. 46; 1 R.C.L. 481, 482, notes 5, 6, and 7; 22 Corpus Juris, 413, § 497.

It must be so related to what plaintiff proved of her declarations as to be a part of the same occurrence.

For "no rule is better settled than that admissions, made at one time, cannot be qualified or controlled by counter declarations made at another." Pearsall v. McCartney, 28 Ala. 110, 126; Woodruff v. Winston, 68 Ala. 412; Lee v. Hamilton, 3 Ala. 529; 22 Corpus Juris, 421, § 504.

But we think the declarations of Mrs. Moskowitz sought by claimants to be proven were, as we have said, a continuation of the statement to which Lynch testified, and which was proven by plaintiff, and were admissible on that ground.

This does not mean that all the matters sought to be proven by some of the witnesses in that connection were proper, such as the statement signed by Lantron, the brother of Mrs. Moskowitz. That was hearsay, and not admissible.

Thirty-seventh assignment. Refused charge No. 4. Proof of the possession of the money in Mrs. Moskowitz, and her claim of its ownership, made a prima facie case for plaintiff. When such proof is made, the burden is then on claimants either to establish a better claim to it, or to show that defendant had no such right of ownership as to be subject to the writ. Usually the inquiry relates to the superiority of claimants' claim; and a claimant cannot defeat plaintiff by showing an outstanding ownership with which he does not connect his right. Clark v. Few, 62 Ala. 243; Central Bank & Trust Co. v. Alabama Broom Co., 204 Ala. 410, 85 So. 738; Norwood v. Voorhees, 129 Ala. 314, 29 So. 680; McDonald v. Stephens, 204 Ala. 359, 85 So. 746; Loveman, Joseph & Loeb v. Foster, 227 Ala. 385, 150 So. 170.

While charge No. 4 is not altogether an erroneous statement, it ignores the prima facie effect of the evidence and the legal presumptions in that respect, and has a tendency to mislead the jury. Its refusal was not reversible error, though it might have been given without reversible error.

Assignments 19, 20, 21, 22, 24, 25, 29, 30, and 31. B. Moskowitz testified for plaintiff. He was divorced from Mrs. Moskowitz fourteen years before. He knew what she had and what he had given her, and so testified. The questions indicated by those assignments do not in a legal way impeach or reflect upon such testimony as we view them, and the court did not err in that respect.

Assignment 8½. Though objection to the question here referred to was sustained, the witness later gave full evidence as to the matter inquired about. No prejudice resulted.

We do not think it is necessary to pass on the other assignments for the benefit of another trial, as they may not again arise as so presented.

For the error we have pointed out, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.