82 So.2d 187

Basil N. WHALEY

v.

STATE ex rel. Julian BLAND, County Solicitor.

6 Div. 822.

Supreme Court of Alabama.

Aug. 18, 1955.

Jas. F. Berry, Cullman, for appellant.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Edmon L. Rinehart, Montgomery, of counsel, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the Circuit Court of Cullman County, in equity, condemning appellant's automobile because of its use in transporting intoxicating liquors for resale within said county, which is "dry". The proceeding was brought by the State, on the relation of the County Solicitor of Cullman County, pursuant to Code 1940, Tit. 29, § 247 et seq., as amended.

There is no dispute that the automobile was owned by appellant (respondent below); that, when seized, it was being used by him in transporting intoxicating liquors in Cullman County; and that such liquors were purchased through "state liquor stores" and bore "the stamp of the Alabama alcoholic beverages control board". It appears to be established that the quantity of liquors being transported was 48 pints. Appellant's insistence is that the state failed to establish by competent evidence that the liquors "were being transported for the purpose of re-sale", as required by the following provisions of § 247, as amended, supra:

" * * * Provided, however, that if said prohibited liquors or beverages shall have been purchased through the state liquor stores, or shall bear the stamp of the Alabama alcoholic beverages control board, no such conveyance, vehicle or animal shall be confiscated or forfeited unless the court shall be convinced from the evidence that said prohibited liquors or beverages were being transported for the purpose of re-sale, contrary to law. That the owner or operator of said vehicle has a reputation of being a seller of prohibited liquors shall be prima facie evidence that such liquors or beverages were being transported for resale."

The Atlas Finance Company filed a petition of intervention in the condemnation proceeding claiming title to the automobile under a conditional sales contract. Testimony on this claim was taken orally before the trial court, and the claim was denied, in advance of the hearing in the main suit. It appears to be uncontroverted that the evidence at the hearing on the claim established appellant's reputation in Cullman County as a "bootlegger", that is, "a seller of prohibited liquors." On the hearing of the main suit the state offered in evidence, over appellant's objection, the testimony taken at the hearing on the claim. It was by such testimony alone that defendant's reputation as a "bootlegger" was established. No other testimony in that respect was given in the condemnation hearing. The position taken by appellant is that the testimony given in the separate hearing on the claim was not competent in the condemnation hearing; that, not being competent, a prima facie case of transportation for resale was not made out; and that, since there was no evidence otherwise to support the finding that the liquors were being transported for resale, the judgment of condemnation should be reversed.

■ In view of our conclusion that the trial court did not err in considering the evidence given in the hearing of the claim, there is no need of determining whether the other evidence, when considered separately, was sufficient to support the court's finding that the transportation was for resale.

It is stated in appellant's brief that "the defendant [appellant] had no notice of the hearing [on the Atlas claim, we interpolate], nor was he present at that hearing" to be confronted "by the accusers and given the opportunity to cross-examine or rebut their damaging evidence." While the record does not disclose whether appellant had personal notice of the hearing on the claim, nor whether he was personally present when the evidence on the claim was taken, it clearly appears from the record that his attorney was present at that hearing. In addition to the inclusion of appellant's attorney in the notation of appearances, as shown by the transcript of testimony taken at said hearing, the following colloquy, which took place during the hearing of the main suit, clearly indicates his presence during the claim hearing, viz.:

"Mr. Bland [County Solicitor]: At this time, we would like to introduce in-

to evidence the former evidence of W. C. Waldrop, Sheriff of Cullman County, Alabama which was the evidence given in a former hearing in this matter, the hearing where there was a claimant, Atlas Finance Company, filed a claim, and the testimony of W. C. Waldrop was taken at that hearing. We would like to introduce the record on that hearing.

"Mr. Berry [Respondent's Attorney]: We object to this.

"Court: Overrule the objection.

'Mr. Berry: We except.

"Court: Because it is a part of the record, the court takes judicial notice of everything happening in the cause.

"Mr. Berry: At that hearing, there was a lot of immaterial testimony that went in and there the court informed the defendant's attorney that they would only take cognizance of testimony that was legal and there was much irrelevant, immaterial testimony that went in.

"Court: That is what I am going to do this time.

"Mr. Berry: We except."

It is apparent that the trial court considered the hearing on the Atlas claim as part of the entire proceedings. This was proper. A claimant is given the right to "intervene by petition in said suit, and have his claim adjudicated". Code 1940, Tit. 29, § 248, supra. And Code 1940, Tit. 7, § 247, provides as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the ground upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint."

Thus it is that the claimant in intervention became a party to the suit, and the hearing on its claim was a part of the condemnation proceeding. The nature of an intervention is stated in 39 Am.Jur., Parties, § 55, pp. 928, 929, to be as follows:

"* * * In legal terminology, 'intervention' is the proceeding by which one not originally a party to an action is permitted, on his own application, to appear therein and join one of the original parties in maintaining the action or defense, or to assert a claim or defense against some or all of the parties to the proceeding as originally instituted. Stated in another way, 'intervention' is the admission by leave of court of a person not an original party to the pending legal proceeding, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceeding."

This is not a criminal proceeding, but a civil action in equity. Hence, it was not essential that appellant be personally present when the testimony was being taken. As already noted, his attorney was present at the claim hearing; and there is nothing in the record to indicate that appellant was denied the right to be present at that time and cross-examine the witnesses or to examine witnesses in his own behalf. While the parties to a civil action "have the right to be present during the trial", First Nat. Bank of Mobile v. Lartigue, 233 Ala. 670, 673, 173 So. 21, 23, this does not mean that their personal presence

is essential to the validity of the trial. As stated in 53 Am.Jur., Trial, § 24, p. 42:

"A party to a civil action who is not in default is entitled to be present in the courtroom, and to be represented by counsel at all stages during the actual trial of the action. This does not mean, however, that it is essential to the jurisdiction of the court that the parties be present at all times during the trial, but simply that this right cannot be denied them. * * *"

We have not been cited to any statute or rule requiring, nor any case holding, that any particular notice shall be given to the parties or their counsel as to the time of trial of a suit in equity; nor do we know of any. As held in Averett v. Averett, 255 Ala. 606, 610, 52 So.2d 371, 375, the provisions of § 249, Title 7, Code 1940, "relate only to civil cases on the law side of the docket and have no application to equity cases." As further stated in the Averett Case:

"In the absence of some such provision as is contained in § 249, Title 7, Code 1940, all parties litigant, once in court, either for themselves or through their attorneys must keep track of their case, know their status and ascertain for themselves when the same will be tried. Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. In Faust v. Faust, 251 Ala. 60, 61, 36 So.2d 229, 231, it was said: 'A litigant by his attorney must keep up with the progress of his case in court, and he is not due to have notice, except as prescribed by law.' * * *"

The evidence clearly warranted the finding by the trial court that the liquors were being transported for resale, thus subjecting the automobile to condemnation. Accordingly, the judgment appealed from is due to be, and is, affirmed.

Affirmed.

LAWSON, MERRILL and MAYFIELD, JJ., concur.