# Ray *v.* Jackson.

*Action on Common Money Counts.*

1. *Possession as evidence of ownership.*—In an action by plaintiff against the administrators of the estate of her deceased father, to recover money which he had placed in her hands after his second marriage, "with the request that she divide it among her full brothers and sisters," and which she returned to him on demand, after the

33

lapse of three years, during which time she had claimed it as her own, taking no note or receipt for it, and making no demand for it during the succeeding five years of his l fe ; a charge instructing the jury that, if her father put the money in her possession, "then her mere possession of it does not raise the presumption of ownership," is not erroneous.

2. *Charge objectionable as general proposition, but not when applied to particular case; qualifying or explanatory charge.*—A charge which states a legal proposition in language too broad to be a correct general principle, but which is correct when applied to the facts of the particular case, can not be considered erroneous, since the other party might ask a qualifying or explanatory charge.

3. *Declarations of person in possession.*—The declarations of a person in possession of property, asserting title or ownership in himself, are competent evidence on the principle of *res gestæ;* but not his declarations as to the source of his title or the manner in which he acquired the property.

APPEAL from the Circuit Court of Lauderdale.
Tried before the Hon. HENRY C. SPEAKE.

J. B. MOORE, for appellant.

SIMPSON & JONES, *contra.*

STONE, C. J.—This action was brought by the appellant against the appellees as administrators, and sought the recovery of $1,250, which, in the original complaint, was alleged to have been loaned to the defendants' intestate. The amendment to the complaint counted on the common counts. The defendants pleaded the general issue, and the statute of limitations of three years ; and issue was joined on these pleas.

On the trial of the case, there was but one witness examined, and this witness was the husband of the plaintiff. The evidence, as thus brought out, showed that the defendants' intestate, who had been twice married, was the father of the plaintiff, she being a child by his first wife; that on the 15th October, 1882, A. E. Jackson, the intestate, came to the house of witness, and the plaintiff, who was sick in bed, directed witness to let said A. E. Jackson have the "money that was in a bag in her trunk," which amounted to $1,250; that witness delivered the money to said A. E. Jackson, who left without giving his note for the same, or giving any receipt therefor; that he never gave any note or receipt for said money; and nothing was said about the repayment of said money, or whether it was to be repaid at all. The witness further testified, "that said money had been in possession of plaintiff three years theretofore, she claiming it as her own." On cross-examination, the witness testified, that the plaintiff "told him that her father, the intestate of defendants, had given her the money

with the request that she divide it between her full brothers and sisters." The witness further testified, that said A. E. Jackson lived five years after the money was delivered to him; and that, "so far as he knew, no demand or request had ever been made of said A. E. Jackson during his life-time, for the payment of said money, or any interest thereon;" that during the time the plaintiff had said money in her possession, it was never used by her or witness; and that he, witness, "managed her business for her, and if said money had been used by her, or any demand made upon said A. E. Jackson for the payment of said money, he would probably have known it;" and that he did not know of any effort on the part of plaintiff to distribute said money among her brothers and sisters, nor of any notice being given to them that she had said money. Upon this evidence, the court charged the jury, at the written request of the defendants: "If the jury believe from the evidence that A. E. Jackson put the $1,250 sued for in the possession of the plaintiff, then the mere possession of the money does not raise the presumption of ownership."

While the phraseology of this charge is not very certain, and the terms, as used, assert a proposition too broad to be regarded as a correct general principle; yet, when applied to the facts of this particular case, it can not be considered erroneous. "Although a charge states the law too broadly to be a correct general proposition, yet, if correct as applied to the facts of the particular case, it can not be held erroneous." *Pepper & Co. v. Lee*, 53 Ala. 34. It was the privilege of the plaintiff to ask a qualifying or explanatory charge, which she did not do. We have repeatedly held that, when either party can, by an explanatory or qualifying charge, restrict the meaning of a charge asked by the other party to the facts of the particular case, and fails to do so, the giving of the charge asked will not be considered a reversible error.

Upon the examination of the only witness introduced, the defendants, on cross-examination, asked him, "How did your wife, the plaintiff, obtain said money?" to which the witness answered: "Plaintiff told me, that her father gave it to her." On motion of the defendants, and against the objection and exception of plaintiff, the court excluded this answer. It did not appear that this was part of the same conversation which had been called out by defendants in evidence against plaintiff. There was no error in this ruling. This was clearly illegal testimony. It was hearsay evidence, and could not be admitted as *res gestæ.* Declarations as to the source or manner of acquiring title are narrations of past transactions, and are, therefore, inadmissible. "A declaration as to how title

[Ex parte Mayor and City Council of Anniston.]

was acquired, is not admissible."— *Vincent v. State*, 74 Ala. 274; *Daffron v. Crump*, 69 Ala. 77, and cases cited; *Rawles v. James*, 49 Ala. 183.

We discover no error in the record, and the judgment is, accordingly, affirmed.