# Couch *v.* Couch.

## Statutory Action in Detinue.

1. *Evidence; declaration as to source of title inadmissible.*—Dec-
   larations respecting the source of title to property which is
   sued for are inadmissible in evidence.

2. *Same; statement made post litem motam inadmissible.*—In an
   action of detinue where the plaintiff and the defendant claim
   title to the property under their father, who is dead—the
   plaintiff as donee and the defendant as administrator—testi-
   mony of the plaintiff that, while in possession of the property
   after his father's death, and after receiving notice from defen-
   dant that said property would be claimed as assets of the
   estate, he claimed said property as his own, is inadmissible;
   such statement being made *post litem motam.*

3. *Evidence; testimony affecting the credibility of witness.*—It is
   permissible on the cross-examination of a witness introduced
   by the plaintiff to prove his bias or prejudice as affecting his
   credibility, by showing that he, together with plaintiff, had
   instituted another suit against the defendant and others in-
   volving another part of the property derived from the same
   source as the property involved in the pending suit.

4. *Same; not permissible to show what witness meant by a state-
   ment on a former trial.*—While in the examination of a wit-
   ness who testified to having made a particular statement on
   the trial of the present case before a justice of the peace,

[Couch v. Couch.]

it is competent upon the cross examination of said witness for him to testify to facts explanatory of such statements before the justice of the peace, yet it is not permissible for the defendant to show by said witness what he meant by such statements.

5. *Same; interest in suit can be proved.*—It is competent, upon the examination of a witness to show by his testimony that he had no interest in the suit.

6. *Charge of court to jury; erroneous when ignoring a certain tendency of evidence.*—A charge requested by the defendant in a suit which predicate s defendant's right to a verdict upon a hypothesized existence of particular facts, but which ignores evidence tending to establish other facts going to show the plaintiff's rights in the case, and which should be considered by the jury, is misleading and properly refused.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of detinue brought by the appellee, Sheffield Couch, against the appellant, F. M. Couch, for the recovery of a mule. The plaintiff and the defendant claimed title through one Thomas Couch, deceased, who was the father of the plaintiff and defendant. The plaintiff claimed title to the mule as the donee of his father, and the defendant as the administrator of his father's estate. The plaintiff and the defendant were half brothers. The bill of exceptions contains the following recitals in reference to the testimony of one Willie Mitchell, and the rulings of the court upon the evidence in reference thereto:

"The plaintiff introduced one Willie Mitchell as a witness, who testified that he knew the mule; that in 1899 he rented land from Thomas Couch; that nothing was said by Couch about the mule. The plaintiff then asked if he had not stated on the trial before the justice of the peace in this case that he got the mule to work in 1899 from Thomas Couch and the plaintiff both. To this defendant objected because illegal and was an attempt by plaintiff to impeach his own witness. The court overruled the objection and defendant excepted. The witness stated that he did. To this defendant objected on the same ground and because illegal. The court overruled the objection and defendant excepted.

[Couch v. Couch.]

On cross-examination defendant offered to show by the witness what he meant when, he made that statement at the justice's trial, but the court sustained an objection thereto and defendant excepted. On further direct examination of this witness by plaintiff, the court over-ruled objection of defendant that the testimony was irrelevant and illegal, and allowed the witness to state that on the morning of the trial he had talked with one M. P. Couch, a brother of the defendant, about the case, and in that conversation said Couch had told him that his testimony on the Justice of the Peace trial had not been taken down in writing. To this action of the court defendant then and there excepted. In this connection it was shown by plaintiff that M. P. Couch was a brother of defendant, and on his forthcoming bond and taking interest in the defense and had the letters of administration taken out."

The other facts of the case, as well as the rulings of the court upon the evidence which are reviewed on the present appeal, are sufficiently stated in the opinion.

The defendant requested the court to give to the jury, along with others, the following written charge, and separately excepted to the court's refusal to give the same as asked: (2.) "The court charges the jury that in order to constitute a gift there must be a delivery of the property by the donor to the donee with the intention of passing the title to the donee, and the declaration of the donor, if such was made, that he had given a mule to his son, and a claim of title to the mule by the donee, would not alone be sufficient evidence of a delivery, and if such are the facts of this case, your verdict must be for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

STREET & ISBELL for appellant.—It was competent for the defendant to prove by one of the witnesses for the plaintiff that he, together with the plaintiff, had brought a suit against the defendant and other heirs of

[Couch v. Couch.]

Thomas Couch, seeking to establish a title to other property of Thomas Couch's estate. Such evidence established an antagonistic relation with the defendant, and tended to show a bias. Declarations by one in possession of property respecting the source of his title are inadmissible.—*Daffron v. Crump*, 69 Ala. 77; *Vincent v. State*, 74 Ala. 274; *McLeod v. Bishop*, 110 Ala. 645; *Jones v. Pelham*, 84 Ala. 208; *Ray v. Jackson*, 90 Ala. 541; 1 Brick. Dig. p. 843, § 360.

Wide latitude is allowed in proving any fact that tends to show bias, prejudice or hostility.—*Preferred Acci. Ins. Co. v. Gray*, 123 Ala. 482; *Salm v. State*, 89 Ala. 56; *Drum v. Harrison*, 83 Ala. 384; 3 Brick. Dig. p. 829, § 112; *Burgess v. State*, 83 Ala. 36; *Sylvester v. State*, 71 Ala. 17; *Totten v. Burkhaus*, 61 N. W. Rep. 58.

The court erred in refusing charge No. 2 requested by the defendant. A declaration by one person that he had given property to another together with a claim of the property by such other, is not sufficient evidence to authorize a jury to find that there was a delivery of the property.—*Hunley v. Hunley*, 15 Ala. 91; *Bryant v. Ingram*, 16 Ala. 116; *Sims v. Sims*, 2 Ala. 117; *Blakey v. Blakey*, 9 Ala. 391.

No counsel marked as appearing for appellee.

SHARPE, J.—Plaintiff claimed title to the mule in controversy as donee of Thomas Couch, who was his father and who died before the beginning of this suit. The defendant, though sued in his individual capacity, is administrator of the estate of that decedent. A witness, after testifying that plaintiff had possession of the animal for about two years, stated "He said that his father gave him the mule," and this statement was, against defendant's objection, allowed as evidence. In this there was error. The declaration deposed to was not a mere claim of ownership such as might have been admissible as *res gestæ*, explanatory of possession, but as pointed out in the objection, it was a declaration respecting the source of plaintiff's alleged title and being so was not a proper subject of proof.—*Ray v. Jackson*, 90 Ala. 513; *Daffron v. Crump*, 69 Ala. 77; *Vincent v. State*, 74 Ala. 274.

[Couch v. Couch.]

Plaintiff himself testified that, while in possession of the mule after his father's death and after receiving notice from defendant that it would be claimed as assets of the estate, he claimed the mule as his own. This testimony was objected to on the ground that it was of a statement made *post litem motam*. The objection was overruled but should have been sustained. The declaration having been made after the controversy over the animal having arisen, though before suit was brought, the objection was well taken.—Rapalje Dict. tit. *"Lis Mota,"* and note; *Cox v. Easley*, 11 Ala. 362; 1 Greenleaf on Evidence, §§ 114, 131, 133.

The court improperly rejected an offer of the defendant to show, as affecting the credibility of a witness for the plaintiff that he, the witness, and plaintiff had filed in chancery court a bill to quiet title against the defendant and other heirs of Thomas Couch, alleging a conveyance of real estate to them by deed of gift from Thomas Couch claimed to have been lost. The fact, if in existence, that the witness was in such chancery suit aligned with plaintiff for the establishment of title to other property as coming by gift from Thomas Couch, might have afforded inference that he was under a mental bias when testifying in maintenance of title to the mule as coming in like manner and from like source.—*Drum v. Harrison*, 83 Ala. 384.

Defendant in his brief concedes the propriety of a ruling excepted to whereunder a witness was allowed to testify in behalf of plaintiff, to a statement he made on a trial before a justice, but it is insisted that there was an error in the rejection of an offer which the bill of exceptions states was made by defendant "to show by the witness what he meant when he made the statement at the justice trial." Defendant was entitled to have the witness testify to facts explanatory of that statement, but not to have him say what he meant by the statement. The fact elicited from this witness that he was told by M. P. Couch that his testimony before the justice had not been taken down in writing was immaterial.

A witness was, against objection, allowed to testify he had no interest in the suit. The ruling involved no error.

Of the assignment of error based on charges, only that relating to refused charge 2 is insisted on. That charge, if not otherwise objectionable, was misleading, in that it predicated a right to have a verdict for defendant upon a hypothesized existence of particular facts while ignoring evidence tending to establish as another fact that some time, plaintiff while claiming title to the mule, had the same in his possession, which fact, if it existed, was material to be considered on the question of whether the asserted gift had been completed by delivery.

Reversed and remanded.