# Baker *v.* Drake.

## *Trial of Right of Property.*

(Decided April 28th, 1906. 41 So. Rep. 845.)

1. *Certiorari; Misdescription of Parties.*—Claimant procured certiorari to carry up cause from Justice to Circuit Court, and in the petition claimant was described as defendant. Held, Under § 488, Code 1896, that such irregularity was no ground for dismissing certiorari in circuit court.

2. *Evidence; Declarations; Res Gestae.*—The rule permitting the declarations of a party in actual possession of property asserting title in himself to be admitted in evidence as part of the res gestae. explanatory of 'his possession, does not extend to and render admissible declarations as to the history and source of the title.

33

[Baker v. Drake.]

3. *Same; Declarations in Absence of Party.*—Declarations made by
   a third party, in the absence of the party against whom they
   are offered, are, as a general rule, inadmissible.

4. *Execution; Proceedings by Claimant; Evidence.*—The title of the
   execution creditor being dependent upon whether or not the
   title to the property was in the execution debtor at the time
   of the levy, it was immaterial whether the execution creditor
   knew or did not know that the claimant was asserting title to
   the property at the time the execution debtor obtained goods
   of his creditor, and evidence of such facts was inadmissible.

5. *Fraudulent Conveyance.*—A. sold B. a horse and took a purchase
   money note; B. surrendered the horse to A. in settlement of
   the note; Held, not a fraud upon B's other creditors.

APPEAL from Tallapoosa Circuit Court.

Heard before HON. S. L. BREWER.

Claim proceedings between D. W. Baker, plaintiff in
execution, and J. R. Drake, claimant. Judgment for
claimant, and plaintiff appeals. Affirmed.

Baker had a waive judgment in a justice court against
Bishop, and had an execution issued and levied upon a
certain horse alleged to be the property of Bishop.
Drake filed a claim thereto. There was judgment for
plaintiff in the justice court, and claimant applied for
and obtained a statutory certiorari, removing the cause
to the circuit court. In the writ he was described as de-
fendant. In the circuit court plaintiff made a motion
to dismiss the certiorari because of this fact. This mo-
tion was denied. It appeared from the evidence that
Drake sold Bishop the horse in question without the
payment of the purchase price at the time of the sale,
and later the trade was rescinded. Bishop, being un-
able to pay for the horse, surrendered it to Drake, and
received from Drake his note given for the purchase
price of the horse. All this happened before the levy of
the execution from the justice court in favor of Baker
and against Bishop. The evidence tended to show that
at the time of the levy of the execution the horse was
found in possession of Bishop.

The plaintiff requested the following written charges,
which were refused: "I charge you that if Drake had
parted with all title he had to the horse, and the horse
was the property of Bishop, unless Drake bona fide

[Baker v. Drake.]

bought the horse back from Bishop without any intention to hinder, delay, or defraud Baker, your verdict should be for plaintiff. (3) I charge you that, if you believe from the evidence that Drake has knowingly assisted Bishop in keeping Baker's execution from being levied on the horse, your verdict should be for the plaintiff. (5) General affirmative charge for palintiff. The other facts sufficiently appear in the opinion.

D. H. Riddle, for appellant.—The court erred in refusing to dismiss the cause.—*Gunter v. Mason*, 125 Ala. 644; *Jackson v. Bain*, 74 Ala. 328. The court erred in sustaining plaintiff's question to claimant.—*C. of G. Ry. Co. v. Edmundson*, 135 Ala. 336.

Lackey & Bridges, for appellee.—The court did not err in refusing to dismiss the cause.—§ 448, Code 1896; *Weedon & Dent v. Clark*, 94 Ala. 505; *Wright v. Hunt*, 92 Ala. 591; *Wheelis v. N. Y. S. D. Wks.*, 129 Ala. 393. Declarations of a person in possession of property asserting title or ownership in himself are competent evidence on the principle of res gestea but not declarations as to source of title.—*Ray v. Jackson*, 90 Ala. 515; *Vincent v. The State*, 74 Ala. 275. Such declarations must not go beyond the time at which they were spoken.—*Daffron v. Crump*, 69 Ala. 77. Declarations made in the absence of the party against whom they are offered are inadmissible unless there be some peculiarity of situation coupled with the declaration to render them admissible.—*Bradford v. Haggerty*, 11 Ala. 698; *M. & M. R. R. Co. v. Ashcraft*, D8 Ala. 15. To constitute fraud in case of mere silence there must be a supression of material facts which good faith required to be disclosed. —*Griel v. Lomax*, 89 Ala. 427.

DOWDELL, J.—This cause originated in the justice court ,and was carried to the circuit court by writ of certiorari. There was no merit in the plaintiff's motion to dismiss the certiorari. The fact that the claimant in his petition for the writ of certiorari styled himself "defendant" did not alter the fact that he was claimant in the trial, in which the judgment appealed from was

rendered. The claimant's describing himself in the petition as defendant was at most a mere irregularity, and furnished no reason for dismissing the certiorari.—Code 1896, § 488.

Declarations made by a party while in the actual possession of property, asserting title in himself, are admissible in evidence as a part of the res gestea, explanatory of the possession; but this doctrine cannot be extended to include declarations as to the history and source of such title.—*Ray v. Jackson,* 90 Ala. 513, 7 South. 747; *Vincent v. State,* 74 Ala. 275.

The general rule is that declarations or statements made by a third party in the absence of a party against whom they are offered in evidence are inadmissible. There is nothing to take the statements of Yarbrough, which were sought to be shown by the witness Ham, without this rule, and the trial court committed no error in sustaining the objections to this evidence.

The plaintiff's right of recovery in this case was dependent upon the title to the property levied on being in Bishop, the defendant in execution, at the time of the levy. This was the material issue on the trial, and evidence tending to show that plaintiff did not know, when he was furnishing goods to the defendant Bishop for which the judgment on which the execution issued was rendered, that the claimant was asserting any claim or title to the property in question, was wholly immaterial. There was, therefore, no error in refusing to permit the plaintiff, as a witness, over the objection of the claimant, to testify to these facts.

The claimant under the evidence could be guilty of no fraud against the plaintiff in rescinding the contract for the sale of the horse to Bishop, and in taking back the horse in settlement of the note given for the purchase price. He had as much right to collect his debt as did the plaintiff. The evidence fails to show any fraud upon the rights of the plaintiff.

The evidence was without dispute that the horse in question originally belonged to the claimant, and that the contract of sale by claimant to Bishop, the defendant in the execution, was by the parties rescinded prior

[Pilcher v. Hickman.]

to the time of the levy of the execution by the constable. On this undisputed evidence the general affirmative charge might well have been given for the claimant. The rescission of the contract of sale reinvested the title to the horse in the claimant. This being true, there was no reversible error committed in the refusal of charges requested by the plaintiff.

No reversible error appearing in the record, the judgment will be affirmed.

Affirmed.

HARALSON, ANDERSON, and DENSON, JJ., concur.