# Nelson v. The State.

*Assault With Intent to Murder.*

(Decided May 15, 1907.    43 South. 966.)

1. *Criminal Law; Prosecution; Limitation; Evidence.*—Where defendant's testimony tended to show that the offense was committed more than three years before the indictment was preferred and the testimony for the prosecutor tended to show, that the offense was committed just before his marriage and that his marriage occurred in February, 1904, it was within the discretion of the trial court as to whether or not it would permit the evidence of prosecutor in rebuttal; and the book containing the record of the marriage license of prosecutor was properly admitted in evidence, at the page containing the marriage license, and certificate of the officiating clergyman, and the book was admissible without further attestation.

2. *Evidence; Removal of Records.*—The carrying of the marriage record from the office of the judge of probate to the criminal court of the same county was not such a removal to another county as would be violative of section 2643, Code 1896.

3. *Names; Identity; Evidence.*—Where it did not appear that there was any other person bearing the name of James Davis, the identity of the name in the marriage record and in the indictment was presumptive evidence of the identity of the person.

[Nelson v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Nelson was convicted of an assault with intent to murder and he appeals. Affirmed.

R. E. SAMUELS, for appellant.—The marriage record was not sufficiently identified and authenticated to be admissible for any purpose.—9 A. & E. Ency. of Law, pp. 880-884; 20 Ib. pp. 513-14; *Sandford v. School District*, 12 Mich. 17; *Stewart v. Conner*, 9 Ala. 803; *Watts v. Clegg*, 48 Ala. 561; 1 Greenleaf on Evidence (16th Ed.) § 485. There was a want of evidence to prove that the parties named in the record were the ones in controversy.—*Bland v. Chambliss*, 9 Port. 412; 14 A. & E. Ency. of Law, 524-5; 2 Phillips on Evidence, p. 208; 1 Starkie on Evidence, p. 244; 1 Greenleaf on Evidence (16th Ed.) 493.

ALEXANDER M. GARBER, Attorney General, for State. —It was within the discretion of the court to admit the record in rebuttal of defendant's testimony.—*Braham v. The State*, 143 Ala. 28. Identity of names is presump⁻ tive evidence of identity of persons.—*Boyd v. The State*, 33 South. 204; *Wood v. The State*, 132 Ala. 162; *Garrett v. The State*, 76 Ala. 18. The original record was admissible.—*Stevenson v. Moody*, 85 Ala. 33; *Christian Co. v. Coleman*, 125 Ala. 158.

HARALSON, J.—The defendant was convicted of an assault with intent to murder.

The indictment was filed in court on the 19th of November, 1906.

The prosecutor, Davis, testified that the difficulty occurred some time in February, 1904. The defendant testified that the difficulty occurred some time about February 18, 1903. The offense might thus appear to

be barred by the statute of limitations of three years.—Code 1896, § 5070.

It became necessary for the state to prove that the offense occurred within three years before the indictment was found. To do this, the prosecutor, introduced by the state, testified that he was married shortly after he was cut, and he was sure he was married in February, 1904, and he thought it was February 21st of that year.

The state offered in rebuttal what purported to be the marriage record from the probate office of Jefferson county. The defendant objected to the introduction of the book, on the ground that it contained nothing that was admissible as evidence in rebuttal, and on the further ground, that the identity of the party named as James Davis, in the book sought to be introduced, had not been established as the James Davis who had testified in the case,—which objections were overruled.

The solicitor then introduced from the book the record of a license from the judge of probate of Jefferson county, authorizing certain officers, qualified under the statute to solemnize marriages, including a licensed minister of the gospel, to solemnize marriage between James Davis (22), who was over 21 years of age, and Frances White, who was 18 years of age, and to join them in marriage as required by law,—which license was dated February 4, 1904. At the foot of the license was a certificate, signed by Rev. W. M. McGill, that he had solemnized marriage between James Davis and Frances White, according to law, at Birmingham, in Jefferson county, Alabama, on the 14th of February, 1904. No objection was made, that Rev. McGill was not a licensed minister of the gospel.

It thus appears that the final record of the marriage had been made up, and the record book was not improp-

[Beavers v. The State.]

erly admitted. When such books are produced, they are received in evidence, without further attestation.—1 Gr. Ev. § 485; *Duncan v. Freeman*, 109 Ala. 188, 19 South. 433. This record was not removed to another county from the one where the record was required to be kept.—Code 1896, § 2643.

It was discretionary with the court to allow the evidence in rebuttal.—*Braham v. State*, 143 Ala. 30, 38 South. 919.

It did not appear, from the face of the indictment or otherwise, that there was any other person bearing the name of James Davis. The identity of names was presumptive evidence of the identity of the person.— *Woods v. State*, 133 Ala. 163, 31 South. 984; *Garrett v. State*, 76 Ala. 18.

Affirmed. .

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.