# Wilkinson, *et al. v.* Bottoms.

### *Ejectment.*

(Decided Nov. 30, 1911. 56 South. 948.)

1. *Adverse Possession; Exchange of Property.*—Where two persons exchange real estate, and under a bona fide claim of ownership each enters into possession of the property exchanged, such possession is adverse each to the other; and if maintained for the requisite period with all the legal elements of adverse possession, title will invest in each of such persons.

2. *Ejectment; Declarations Concerning Land.*—Declarations of one in possession of land as to past transactions regarding it, are inadmissible; hence, in ejectment, it was proper to decline to permit witnesses to state whether they had heard defendant's predecessor in title say that he and plaintiff had traded lands, and had made a certain road the line between the land.

3. *New Trial; Newly Discovered Evidence.*—Newly discovered evidence which is merely cumulative of evidence adducd on the trial, does not afford ground for a new trial.

APPEAL from Dale Circuit Court..

Heard before Hon. H. A. PEARCE.

Ejectment by James Bottoms against Joe Wilkinson and others. Judgment for plaintiff and defendant appeals. Affirmed.

[Wilkinson, et al. v. Bottoms.]

The exceptions made the basis of the assignments of error are as follows: "(1) In sustaining the plaintiff's objection to the following question to witness Whaley: 'Did you ever hear Wilkinson say that he and Bottoms had traded the land and had made the road. the line between the 40's, and that Wilkinson got Bottom's land on the west side of the road, and Bottoms got Wilkinson's land on the east side of the road?' (2) In sustaining objection to the following question to Wha-. ley: 'Did you ever hear Levi Wilkinson say that he and W. H. Bottoms had swapped land, and had made the Pleasant Ridge road the line between their two 40's?' (3) Sustaining objection to the following question to the witness Whaley: 'Did Levi Wilkinson ever point out the line around the Bottoms land that was on the west side of the Pleasant Ridge road, and did he say it was the land he got when he and Bottoms swapped?' (4) Overruling objections to question to same witness: 'Did Levi Wilkinson point out to you the lines around the Bottoms land on the west side of the Pleasant Ridge road, and tell you that he got from Bottoms the said piece of land when he and Bottoms made the swap?' (5) Error in refusing to grant motion for new trial."

H. L. MARTIN, for appellant. The court erred in not permitting proof to be made as to declarations by Wilkerson while in possession relative to the trade between he and Bottoms, and the making of the road the line.— 62 Ala. 369; 65 Ala. 259; 74 Ala. 64; 102 Ala. 398; 148 Ala. 291; 159 Ala. 297. The exchange was valid.— 98 Ala. 182; 123 Ala. 133. The possession of each became adverse to each.—131 Ala. 386; Davis, et al. v. Grant, 55 South. 210; Grant v. Nation, 55 South. 310. The court erred in refusing to grant a new trial.—131 Ala. 422; 140 Ala. 313; 143 Ala. 392.

J. E. ACKER, and J. E. Z. RILEY, for appellee. The questions as to declarations were hearsay and inadmissible.—*Dothard v. Denson,* 72 Ala. 544; *Vincent v. The State,* 74 Ala. 282; *Baucum v. George,* 65 Ala. 266; *Pilcher v. Hickman,* 148 Ala. 516; *Couch v. Couch,* 141 Ala. 364; *Butler v. Butler,* 133 Ala. 380; *Daffron v. Crump,* 69 Ala. 79; *Rawls v. James,* 49 Ala. 185. The denial of the motion for new trial cannot be reviewed where no exception is taken to such denial.—*Rosenburg v. Lawrence,* 160 Ala. 425. Evidence merely cumulative is not ground for new trial because of newly discovered evidence.—*McLendon v. McKissack,* 143 Ala. 192; *K. C. M. & B. v. Phillips,* 98 Ala. 168.

McCLELLAN, J.—Statutory ejectment. The Pleasant Ridge road, in Dale county, ran north and south through the respective "40's" of Wilkinson and Bottoms, leaving, there was testimony tending to show, a part of the Bottoms "40" on the *west* side of the road and a part of the Wilkinson "40" on the *east* side of the road. There was testimony tending to show that W. H. Bottoms and Levi Wilkinson, about 18 years ago, exchanged their respective plots of land *across* the road from the body of their respective lands, thereby, by agreement, making the road the line between their respective possessions. There was, also, testimony to show that W. H. Bottoms and Levi Wilkinson each exercised acts of possession over the respective subjects of the exchange, some of the testimony tending to show such acts for more than 10 years.

Where two parties exchange real estate, and enter into possession under a bona fide claim of ownership, such possession is adverse each to the other; and, if maintained for the requisite period, with all the legal elements of *adverse possession,* attending the possession,

title thereto will invest in each bargainor.—*Brown v. Bailey,* 159 Pa. St. 121, 28 Atl. 245; *Moss v. Culver,* 64 Pa. 414, 3 Am. Rep. 601; *Jermyn v. McClure,* 195 Pa. St. 245, 45 Atl. 938.

It is well settled with us that the declarations of one in the possession of land, "narrative of past transactions in respect thereto," are inadmissible.—*Dothard v. Denson,* 72 Ala. 541; *Couch v. Couch,* 141 Ala. 361, 37 South. 405, among others. Such was the character of the testimony offered by defendants and excluded by the court. Accordingly there was no error in rulings made the basis of assignments 1 to 5, inclusive.

There was no error in overruling the motion for new trial. The testimony asserted by the movant to be newly discovered was cumulative only.

The judgment must be affirmed.

Affirmed.

All the Justices concur, save DOWDELL, C. J., not sitting.

