(83 South. 99)

DANIEL et al. v. WADE. (7 Div. 1.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

1. EVIDENCE ⊚⟝23(2)—JUDICIAL NOTICE; EXISTENCE OF PROPERTY DESCRIBED.

While the court judicially knows that there is a public survey of the lands in this state made under authority of the Congress which can include lands described in a complaint as "fractional N. E. ¼ of S. W. ¼ of section 23, township 8 south of range 9 east," and that such lands lie in C. county, in this state, it does not judicially know that there is no such a tract of land as described in this state or C. county thereof.

2. EJECTMENT ⊚⟝64—DESCRIPTION OF LAND; PUBLIC PLATS AND SURVEYS.

In ejectment, in order that the description of lands included within a survey be certain, it is not necessary that such plat or parcel as described should be shown on the public maps or surveys made by the United States, since acts of Congress did not require all subdivisions of sections to be actually surveyed, mapped, and platted, so that such fractions might be shown only by private surveys, maps, or plats as subsequently subdivided.

3. EVIDENCE ⊚⟝23(2)—JUDICIAL NOTICE OF CUTTING OF LAND BY STREAMS INTO FRACTIONAL PARTS.

The courts judicially know that navigable streams may flow across certain sections of land and thus cut up the sections into fractions, and that these fractional parts may and often are described as fractional N. E. ½ of the S. W. ¼, or as the fractional part of a given half or quarter section.

4. EVIDENCE ⊚⟝460(4) — PAROL PROOF TO IDENTIFY DESCRIPTION OF LANDS IN COMPLAINT.

In ejectment parol proof is admissible to show that there is a tract of land in dispute which corresponds with the description given in the complaint and deeds, and an identification is sufficient if such that the sheriff and surveyor would have no trouble in putting plaintiff in possession of the lands.

5. EJECTMENT ⊚⟝90(2)—TRIAL ⊚⟝412—EVIDENCE; ADMISSIBILITY OF DEED TO CORPORATION.

In ejectment, where it was shown that the legal title had passed from the United States into the state, and into a land company, such company's deed to another company through which plaintiff claims title was admissible, and the fact that the grantee company was not at the time at which the deed was offered in evidence shown to have been authorized by its charter to receive grants of land did not require its rejection, where such proof was subsequently made.

6. CORPORATIONS ⊚⟝32(10) — PURCHASE AND SALE OF REAL ESTATE; DECLARATIONS, ARTICLES, AND CERTIFICATES BEST EVIDENCE OF AUTHORITY.

In an action in ejectment, where the propriety of a corporation's purchase and sale of land was questioned, the declaration, articles, and certificates of incorporation of the company were admissible, being the best evidence of the fact and validity of incorporation and authority under the state laws to perform the questioned acts.

7. CORPORATIONS ⊚⟝387(1)—ATTACK ON FRANCHISE RIGHT TO ACQUIRE AND DISPOSE OF PROPERTY.

The extent of franchise rights of corporations to acquire, hold, or dispose of property

---

⊚⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cannot be collaterally inquired into in a suit in ejectment between third parties.

**8. EVIDENCE ⬟174(3) — MORTGAGE RECORDS AS EVIDENCE OF TITLE.**

In ejectment it was not error to introduce evidence of the mortgage records of the land in question, where the records were properly identified and were self-proving, without accounting for the original mortgages.

**9. EVIDENCE ⬟333(4)—OF ADVERSE POSSESSION; COUNTY TAX RECORDS.**

In an ejectment action involving title to real estate, the tax books of the county which were properly identified and authenticated were admissible under our statutes, and are competent and relevant under the issues of adverse possession and claim of right and title by both parties to the suit.

**10. WITNESSES ⬟240(2) — LEADING QUESTIONS DISCRETIONARY WITH TRIAL COURT.**

The allowance or refusal of leading questions is discretionary with the trial court.

**11. EVIDENCE ⬟121(6)—RES GESTÆ; DECLARATIONS OF PARTIES.**

In ejectment involving title and adverse possession, it was not error to allow proof of declarations of the party who was building a house near the land line as to which side of the line he was intending to build on; declarations of the parties while on the land as to the nature and character of the possession being admissible in evidence where a part of the res gestæ of the matter or transaction inquired about, although such evidence cannot go to the history or source of title or as to past transactions.

**12. TRIAL ⬟252(5)—INSTRUCTION NOT SUPPORTED BY EVIDENCE.**

A requested charge that a certain deed was invalid as to defendants where at the time of its execution the lands were in the adverse possession of defendants was properly rejected, where there was no evidence to show such adverse possession as to all the lands conveyed by the deed.

**13. TRIAL ⬟194(1), 240—INSTRUCTIONS; INVASION OF PROVINCE OF JURY.**

Requested charge which was argumentative and invaded the province of the jury was properly rejected.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Juge.

Ejectment by W. R. Wade against T. Y. Daniel and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The land is described as fractional northeast quarter of southwest quarter, section 23, township 8 south, range 9 east, situated in Cherokee county, Ala. Appellants contend that the court erred in rendering the judgment for the plaintiff for the reason that no such lands as are described in the complaint and for which judgment was rendered are located in Cherokee county according to any existing surveys.

The defendants moved to exclude from the evidence the conveyance of the Alabama Land Company to the Gordon Wood Alcohol & Chemical Company for the reason that at the time of the execution of the conveyance the evidence showed without conflict that one Webb was in the adverse possession of the land described therein.

Charge No. 1 was the general affirmative charge to find issues in favor of the defendants. Appellants also complained of the admission in evidence of certain pages of mortgage record 35 of the probate office of Cherokee county and of each of the separate land books of Cherokee county of the years 1894–1916, inclusive.

The following is charge 2:

If you are reasonably satisfied from the evidence that at the date of the execution of the deed from the Alabama State Land Company to the Gordon Wood Alcohol & Chemical Company the lands described in the complaint were in the adverse possession of the defendant or those under whom they claim, this deed is invalid as to the defendants, and your verdict should be for the defendant.

Charge 3:

The court charges the jury that the deeds in evidence executed by Round Mountain Iron & Wood Alcohol Company to C. H. Dobbs and Cincinnati Trust Company and First National Bank of Cincinnati to C. H. Dobbs appear to have been executed by virtue of an authority vested in them by reason of the mortgage executed by the Round Mountain Iron & Wood Alcohol Company which is in evidence before you, that this mortgage affects by its terms only six acres of land described in the complaint, and you cannot find for defendant in excess of the six acres covered by said mortgage.

The following excerpts from the general charge were excepted to:

"Under the law title to that particular 40 in dispute went to this chemical company."

"Then there is evidence here which shows sufficiently that that company was entitled to hold lands, to own real estate."

"Now, then, that is the plaintiff's side of the case, and when he shows all that to you, then the plaintiff has made out his case and would be entitled to a verdict if that was all there was to this case."

"Briefly to recapitulate, the plaintiff made out a prima facie case by the introduction of these deeds and mortgages and agreement as to title of the Alabama State Land Company."

Hugh Reed, of Centre, for appellants.
White & Lusk, of Gadsden, for appellee.

MAYFIELD, J. [1] This court does not judicially know, as claimed by appellant, that there is no such tract of land in this state, or in Cherokee county thereof, as described in this complaint, viz. "fractional N. E. ¼ of S. W. ¼ of section 23, township 8 south

of range 9 east." The court does, however, judicially know that there is a public survey of the lands in this state, made under the authority of the Congress of the United States, which can include the lands described in this complaint, and that such lands lie in the county of Cherokee, in this state. Chambers v. Ringstaff, 59 Ala. 140.

[2] Counsel, however, are in error in supposing that, for the description of any lands included within this survey to be definite and certain, such tract or parcel, as described, should be shown on the public maps, plats, or surveys of the public lands made by the government of the United States. The acts of Congress providing for the surveys of the public lands did not require that all subdivisions of sections should be actually surveyed, mapped, and plated, and such was never in fact done or attempted.

Each section as surveyed, mapped, and platted may be subsequently subdivided in many fractions or parts by subsequent private surveys, maps, and plats, and each may be accurately described by such private plats, surveys, etc.

[3] The courts also judicially know that navigable streams may flow across certain sections, and thus cut up the section into fractions, and that these fractional parts of the section may and are often described as the fractional N. E. ¼ of the S. W. ¼, or as the fractional part of a given half, or quarter of a given section.

[4] The descriptions in the complaint and deeds in this case are not on their face void for uncertainty. Parol proof is and ' was admissible to show that there was a tract of land in dispute in this case, which corresponded with this description. Such proof was in fact made, and no doubt is left as to the identity and certainty of the tract of land in question, which is all that is required. A sheriff and surveyor would have no trouble in putting the plaintiff in possession of the lands sued for and described in the complaint. This is all the description is for—to identify the land sued for or conveyed, or intended to be conveyed.

[5] There was no error in the admission of the deed from the Alabama State Land Company to the Gordon Wood Alcohol & Chemical Company. The agreement of counsel and the undisputed evidence showed the legal title to have passed out of the government of the United States into the state and into the land company, the grantor, and there was no possible objection, as we are able to see, to the admission of the deed in evidence, which passed the title to another company, through which plaintiff claims title.

The mere fact that the grantee company was not at the time at which the deed was offered in evidence shown to have been authorized by its charter to receive grants of land did not require the rejection of the proffered deed, which was otherwise admissible. This proof was subsequently made, and cured whatever error or irregularity there was in the order of admitting the testimony. This defendant was in no position to question the abuse of the company's corporate power in acquiring land, if the deed thereto was not absolutely void, as for want of power to acquire.

There was no error in refusing defendants' requested charge 1. The only theory on which it could have been justified was that the deeds introduced in evidence by plaintiff were void, which we have shown, and now repeat, was not the case.

[6] There was no error in the introduction in evidence of the declaration and articles and certificates of incorporation of the Gordon Wood Alcohol & Chemical Company. They were the best evidence of the fact of incorporation, and showed a valid incorporation under the laws of the state to do all acts, the propriety of which was questioned on this trial.

[7] The extent of franchise rights of corporations to acquire, hold, or dispose of property cannot be collaterally inquired into in a suit of ejectment between third parties, as is attempted in this case by appellants. Therefore the introduction of all these matters as to the incorporation of this company was not at all necessary, and, had they been wholly excluded, defendants would have been no better off.

[8] There was neither error nor injury in introducing in evidence the mortgage records of the land in question. These records were properly identified, and were self-proving under the circumstances of this case without accounting for the original mortgages.

[9] There was no error in admitting the tax book of Cherokee county in evidence as to the assessment of the lands in question. The books were properly identified and authenticated, and were admissible under our statutes, and were competent and relevant under the issues of adverse possession and claim of right and title by both parties to the suit. State v. Joseph, 175 Ala. 628, 57 South. 942, Ann. Cas. 1914D, 248, and authorities cited; Nelson v. State, 151 Ala. 2, 43 South. 966; Walling v. Morgan County, 126 Ala. 326, 28 South. 433.

[10] There was no error in any of the rulings as to the admission and rejection of evidence as to the possession and chain of rights of the respective parties. The allowance or refusal of leading questions is discretionary with the trial court, and we see no abuse of the discretion in this case.

[11] There was no reversible error in allowing proof of the declarations of the party who was building a house near a land line as to which side of the line he was intending to build. Declarations of parties while on land, as to the nature and character of their pos-

session, are admissible in evidence. Ray v. Jackson, 90 Ala. 513, 7 South. 747; Baker v. Drake, 148 Ala. 513, 41 South. 845. Such evidence must, however, be as a part of the res gestæ of the matter or transaction inquired about; such evidence cannot go to the history or source of the title, or as to past transactions. Wilkinson v. Bottoms, 174 Ala. 124, 56 South. 948.

There was no error as to any part of the oral charge, as to which exceptions were reserved, when construed in connection with the whole. The charge is exceedingly clear and full, and an accurate statement of the law as applied to the facts of the case.

There was no error in the refusal of charges 2 or 3 requested by defendants. As was said of charge 1, the only theory upon which the charges could have been correctly given was that the deeds, one or more, constituting the plaintiff's chain of title, were void. This we have shown was not true; and the trial court correctly refused them.

[12, 13] Charge 2 was also properly refused, because there was no evidence to show any adverse possession as to all the land conveyed, so as to make the deed void as a conveyance of any of the land. There was no evidence to show possession by defendants or those through whom they claimed at the time of the execution of the deed as to all the land described in the complaint. Charge 3 was also argumentative and invaded the province of the jury.

We cannot say that the trial court erred in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.