### EIDSON v. McDANIEL.    (7 Div. 763.)

Supreme Court of Alabama.    Oct. 20, 1927.

1. **Jury** ⊜⇒25(6)—**Failure to file demand in writing within 30 days after service held waiver of jury trial (Code 1923, §§ 8595, 8597).**

Under Code 1923, §§ 8595, 8597, on face of sheriff's return showing service by leaving copy of summons and complaint with defendant, right of defendant to jury trial was waived by failure to file demand in writing within 30 days.

2. **Judgment** ⊜⇒279—**In cases involving validity of judgments, return by proper officer becomes part of record.**

In cases involving validity of judgment, the return by proper officer becomes a part of the record.

3. **Process** ⊜⇒142—**In collateral proceedings, return by proper officer imports verity.**

In collateral proceedings, return by proper officer imports absolute verity as other judicial record.

4. **Process** ⊜⇒143—**By direct proceedings, sheriff's return may be impeached for want of service and existence of valid defense.**

By direct proceedings, such as bill in equity, return by proper officer may be impeached on clear averments and proof of want of service and existence of valid defense.

5. **Process** ⊜⇒149—**Generally, sheriff's return will not be overturned on uncorroborated statement of party denying service, especially after lapse of considerable time.**

Generally, the return made by proper officer will not be overturned on uncorroborated statement of party denying service, especially after lapse of considerable time.

6. **Process** ⊜⇒4—**While cause is in fieri, court may supervise officers and prevent abuse of process, and must secure litigant legal trial.**

While a cause is in fieri, court has power and is charged with duty of affording litigant trial in due form of law and may supervise doings of its officers and prevent abuse of its process.

7. **Appeal and error** ⊜⇒1024(3)—**Decision of trial court granting motion to transfer cause to jury docket cannot be reversed on ground evidence is insufficient to support motion (Code 1923, §§ 7736, 9419).**

Where motion to transfer cause to jury docket, if true, showed that officer pursued mode of service allowable under Code 1923, § 7736, in serving subpœna on a witness, but invalid under section 9419, as service of summons with copy of complaint on defendant, since presumption must be indulged in favor of trial court's finding granting motion, the Supreme Court will not reverse his decision on ground of insufficiency of evidence to support motion.

8. **Executors and administrators** ⊜⇒443(5)—**Pleas expressly averring satisfaction of debt and release of debtor held good as against demurrer.**

In action on a note by executrix of payee, pleas that note was satisfied before bringing of suit and maker released of liability under written instrument signed by payee, receipting for amount thereof, which at payee's death would be accounted paid in full to payee's daughter, averring that consideration for release was love and affection of payee for his daughter, held good as against demurrer.

9. **Witnesses** ⊜⇒140(7)—**Wife of maker of note was competent witness for maker as to execution of release (Code 1923, § 7721).**

In action on a note by executrix of payee thereof, maker's wife had no such pecuniary interest in suit as to disqualify her as a witness under Code 1923, § 7721, and was competent witness for maker as to execution of release by her father.

10. **Witnesses** ⊜⇒158—**Next of kin interested in estates may testify as to matters affecting disposition or distribution, but not quantum.**

Next of kin interested in an estate may testify as to matters affecting disposition or distribution, but not to quantum of estate.

11. **Evidence** ⊜⇒271(16)—**Testimony that, after execution of release, decedent told witness maker said he was going to pay when note became due, held inadmissible.**

In action on a note by executrix of payee, testimony that, after execution of release pleaded, decedent told witness he had note and had asked defendant if he wanted to renew it, and

defendant said he was going to pay it when it became due, was properly excluded.

**12. Evidence ⊖121(6)—Declarations by one in possession of property explanatory of possession are admissible as part of res gestæ.**

Declarations by a person in possession of property explanatory of possession, showing nature of his claim to it, are admissible as part of res gestæ of possession.

**13. Evidence ⊖121(6)—Rule admitting declarations by person in possession of property cannot extend to declarations touching past conversations, which are hearsay, self-serving, and inadmissible.**

Rule that declarations by a person in possession of property explanatory of possession are admissible as part of res gestæ of possession cannot extend to declarations touching past conversations or transactions between parties which are hearsay, self-serving, and inadmissible.

**14. Appeal and error ⊖695(1)—Supreme Court cannot say verdict was not supported by evidence, where not all evidence is reported.**

The Supreme Court is not in position to say that a verdict was not supported by evidence, where not all of the evidence before trial court and jury is brought up.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action on promissory note by S. W. Eidson, as executrix of the will of A. M. Eidson, deceased, against W. S. McDaniel. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Defendant's pleas A and B are as follows:

Plea A. "For further plea to the complaint, defendant says that the note sued on was satisfied before the bringing of this suit and the defendant released from all liability thereon by M. A. Eidson, to whom the note was payable, by virtue of a written instrument signed by said M. A. Eidson, in words and figures as follows: 'October 2, 1925. This is a receipt for the $600.00, six hundred dollars with interest which W. S. McDaniel owes me, at my death it will be counted paid in full to my daughter Belle McDaniel. Wrote this 2nd day of October, 1925, in the Newell Sanitorium at Chattanooga, Tennessee, signed by M. A. Eidson.' And defendant avers that the consideration for the execution of said release was the love and affection the said M. A. Eidson had for Belle McDaniel, who was his daughter, and for services rendered the said M. A. Eidson by the said Belle McDaniel."

Plea B. "For additional plea to said complaint, and each count thereof, the defendant says that, before the commencement of this suit, the payee of said note, M. A. Eidson, who was then the holder of same, released and relinquished the defendant from all liability thereon, as evidenced by an instrument in writing, as follows: 'October 2, 1925, this is a receipt for the $600.00 six hundred dollars with interest which W. S. McDaniel owes me, at my death it will be counted paid in full to my daughter Belle McDaniel. Wrote this 2nd day of October, 1925, in the Newell Sanitorium at Chattanooga, Tennessee, signed by M. A. Eidson.' Said instrument was signed and executed by the said M. A. Eidson on the date shown, and the said M. A. Eidson thereafter in November, 1925, died, before this suit was filed."

H. T. Bailey, of Columbiana, for appellant.

The granting of a jury trial to defendant over plaintiff's objection was erroneous. Code 1923, § 8597; King v. Dent, 208 Ala. 78, 93 So. 823. The wife of defendant was not competent to testify as to the transaction between herself and her father as to procuring the purported release to her of defendant's note. Code 1923, § 7721; Buye v. Ala. Marble Quarries, 199 Ala. 589, 75 So. 9; Napier v. Elliott, 177 Ala. 113, 58 So. 435. Demurrer to please A and B should have been sustained; the release pleaded is not a receipt for money paid, nor is it a gift, and as a testamentary disposition it is ineffectual. Robertson v. Robertson, 147 Ala. 311, 40 So. 104, 3 L. R. A. (N. S.) 774, 10 Ann. Cas. 1051. The testimony of witness Loyd was a statement by the decedent with reference to a note then in his possession; it should not have been excluded. Pelham Sitz & Co. v. Herzberg, 194 Ala. 237, 69 So. 881.

Wolfes & Crawford and Isbell & Scott, all of Ft. Payne, for appellee.

The action of the court in granting a jury trial to defendant was without error. Schwend v. Birmingham, 215 Ala. 491, 111 So. 205. The wife of defendant was competent to testify as to the receipt given by her father. Dudley v. Steele, 71 Ala. 423; Mobile Bank v. McDonnell, 87 Ala. 740, 6 So. 703; Lindsay v. U. S. Co., 127 Ala. 371, 28 So. 717, 51 L. R. A. 393. Pleas A and B were not subject to the general grounds of demurrer assigned. Code 1923, § 9479; East Pratt Coal Co. v. Jones, 16 Ala. App. 130, 75 So. 722.

BOULDIN, J. The sheriff's return showed service by leaving a copy of summons and complaint with defendant on January 2, 1926. Pleas were filed with demand for trial by jury on February 10th.

On February 12th, defendant filed his motion to transfer the cause to the jury docket. The ground of the motion was that defendant was not served in person, but that a copy of the summons and complaint was left at his home in his absence, and no knowledge thereof came to him until within 30 days before filing his demand for a jury trial.

Upon the oral testimony of defendant to the facts averred therein, the motion was granted and jury trial awarded. This ruling is assigned as error.

[1] On the face of the return, the right of defendant to a jury trial was waived by failure to file his demand in writing within 30 days after service. Code, §§ 8595, 8597.

[2-4] In cases involving the validity of judgments, the return by a proper officer becomes a part of the record. In collateral proceedings, it imports absolute verity as other judicial records. By direct proceedings, such as a bill in equity, the return may be impeached upon clear averments and proof of want of service, and the existence of a valid defense. This to the end that a party have his day in court, that a party without fault be not concluded by a record which does not speak the truth.

[5] But strong presumptions are indulged in favor of official returns that the verity of solemn judgments be not imperiled upon uncertain grounds. Accordingly, it is a general rule that the return will not be overturned upon the uncorroborated statement of the party denying service, especially after the lapse of considerable time. King v. Dent, 208 Ala. 78, 93 So. 823; Dunklin v. Wilson, 64 Ala. 162.

[6] While the cause is in fieri, the court has the power and is charged with the duty of affording the litigant a trial in due form of law. To this end it may supervise the doings of its officers, and prevent abuse of its process.

This power contributes to justice, and to that respect for the sanctity of judicial proceedings which sound policy requires.

[7] The motion here involved was presented while the cause was in progress, within a few weeks after the alleged erroneous return. It set forth the circumstantial details. If true, the officer pursued a mode of service allowable in serving a subpœna upon a witness (Code, § 7736), but invalid as a service of summons with copy of complaint upon a defendant to bring him into court. Code, § 9419; Burt v. Fraser, 157 Ala. 574, 47 So. 572.

No effort was made to show time and place of service by handing a copy to defendant, nor that the officer whose action was questioned was unavailable.

No arbitrary rule can be laid down as to the probative force of positive evidence of a party given orally before the trial judge on such motion. A presumption must be indulged in favor of his finding in such case. We decline to reverse his decision upon the ground of insufficiency of evidence in support of the motion.

[8] The suit is upon a promissory note by the executrix of the estate of the payee against the maker. The cause was tried upon special pleas A and B, which appear in the report of the case.

The demurrers, addressed to other pleas, and reassigned to pleas A and B, were for the most part inapt. Grounds of demurrer in any wise appropriate to these pleas were too general.

The pleas are not vague or indefinite, but expressly aver a satisfaction of the debt or a release of the debtor by an instrument in writing set out in full in the pleas. If this rather nondescript document did not have the effect alleged in the pleas, special demurrers should have pointed out wherein it was insufficient.

No error can be predicated upon the overruling of the demurrers assigned.

Issue being joined on these pleas, without further pleading, the sole issue was narrowed to the inquiry whether the deceased executed the document in question. Plea B does not aver a consideration for such release.

[9] The wife has no such pecuniary interest in the result of a suit against her husband as to disqualify her as a witness under Code, § 7721. Mrs. Belle McDaniel was therefore a competent witness for her husband as to the execution of the release by her father, the decedent. Napier v. Elliott, 177 Ala. 113, 58 So. 435; Henderson v. Brunson, 141 Ala. 674, 37 So. 549.

[10] It does not appear that defeat of the action on the note, thereby reducing the amount of the estate, would work pecuniary benefit to the witness as a beneficiary of the estate. If the instrument testified to be deemed testamentary in character, in the nature of a bequest to the husband because of relationship to the wife, a daughter of decedent, this would not render the witness incompetent. Next of kin interested in an estate may testify to matters affecting the disposition or distribution but not the quantum of the estate. It follows that Mrs. McDaniel's interest, growing out of her relation as wife to the defendant, nor as heir or beneficiary under the will, nor as the inducing cause of a testamentary gift to her husband, constituted such pecuniary interest in the result of the suit as disqualified her under the statute.

[11] The proposed testimony of J. W. Loyd, for plaintiff, to the effect that, after the execution of the release in question, the decedent told witness he had the note in suit, that he had asked defendant if he wanted to renew it, and he had replied, "No," he was going to pay it when it became due, was excluded without error.

[12, 13] The rule stated in Sitz v. Herzberg, 194 Ala. 240, 69 So. 881, viz. declarations by a person in possession of property, explanatory of possession, showing the nature of his claim to it, etc., are admissible as part of the res gestæ of possession, is fully recognized. But this rule cannot extend to declarations touching past conversations or transactions between the parties. This is hearsay, self-serving, and inadmissible. Daniel v. Wade, 203 Ala. 355, 83 So. 99; Wilkinson v. Bottoms,

174 Ala. 122, 56 So. 948; Cohn v. Robbins, 159 Ala. 289, 48 So. 853; Baker v. Drake, 148 Ala. 513, 41 So. 845; Ray v. Jackson, 90 Ala. 513, 7 So. 747.

[14] The testimony as to the execution of the release was in sharp conflict. This was the only question involved under the pleadings.

The original document is sent up for inspection, but several other documents bearing the genuine signature of decedent, and used for comparison, are not sent up. Not having before us all the evidence before the trial court and jury, we are not in position to say the verdict was not supported by the evidence. We have considered all questions presented and find no reversible error.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.