KENNEDY, Justice.
The defendant, David Wright, appeals from a judgment, entered after a nonjury trial, in favor of the plaintiff, the estate of Mary Helen Patterson as a creditor of the defendant. At trial, Patterson’s estate claimed that Wright had executed a promissory note for $27,500.00, payable to Mary Helen Patterson, and that he had ceased making payments on the promissory note after her death. By a stipulation of the parties, Wright conceded these facts, but he asserted that the loan had been discharged by Patterson and that, therefore, he was neither in arrears nor in default on the loan, as asserted by Patterson’s estate.
The issues on appeal are first, whether the trial court erred in determining that Patterson had not discharged the debt and, second, whether the trial court erred in determining that Wright’s wife had a pecuniary interest in the outcome at trial and ruling incompetent her testimony regarding conversations she engaged in with Patterson relating to a discharge of Wright’s debt.
At the time of the trial in April 1991, Wright was employed as a police dispatcher, his wife was a homemaker, and the couple had a nine-year-old daughter. There was no evidence as to whether the Wrights had any income in addition to Wright’s employment income or whether Wright had any significant assets other than a house owned jointly with his wife.
In 1986, the Wrights, desiring to purchase the house, had been unable to borrow the purchase money from a mortgage lender because they had insufficient income. *1212 Therefore, they borrowed from Patterson $27,500 needed for the purchase of the house.
Wright executed a promissory note for $27,500 payable to Patterson, and he made installment payments on the note until Patterson’s death. There was no evidence that he executed a mortgage on the house in favor of Patterson.
By the time of Patterson’s death in 1987, Wright had made 15 monthly installment payments on the note. Patterson maintained records of these payments, but did not possess the promissory note. Rather, Patterson possessed a photocopy of the promissory note. Wright’s wife (“Mrs. Wright”), had, on three occasions, tendered the promissory note to Patterson, who, each time, had returned the promissory note to Mrs. Wright and retained only the photocopy of the note. The photocopy of the promissory note was found among Patterson’s business records after her death.
After Patterson’s death Wright stopped paying on the loan; his nonpayment was a default permitting an acceleration of the debt, so that the entire balance was due under the terms of the promissory note. The remaining indebtedness, at the time of trial, totaled $81,539.33, including interest. The trial court entered a judgment in this amount against Wright in favor of Patterson’s estate.
Wright asserts on appeal that Patterson’s refusal to maintain possession of the promissory note was a surrender that constituted a discharge under Ala.Code 1975, § 7-3-605(l)(b). Therefore, contends Wright, the trial court erred in finding that no surrender had occurred. We disagree.
As we have previously stated, § 7-3-605 does not apply in the case of a negotiable instrument involving the original parties to the instrument. Carns v. Commonwealth Life Ins. Co., 233 Ala. 215, 171 So. 382 (1936) (analyzing the predecessor to § 7-3-605, as found in Ala.Code 1923, § 9142). Patterson was an original payee on the note at the time of the alleged surrender. Therefore, § 7-3-605(l)(b) would not apply in the present case, and the trial court correctly found that no surrender had occurred under this statutory provision.
Additionally, Wright asserts on appeal that the trial court erred in refusing to allow testimony from Mrs. Wright about conversations with Patterson wherein Patterson allegedly spoke of discharging the Wright loan. We disagree.
The stated basis of Wright’s claims to a discharge, Ala.Code 1975, § 7-3-605(l)(b), would not apply in this case, and Wright had conceded that he had ceased payment on a valid promissory note, under the terms of which his nonpayment was a default. Therefore, any error in refusing to allow Wright’s wife to testify about conversations with Patterson, to prove a discharge under § 7-3-605, would be harmless error.
However, we note, with regard to a witness’s testifying about conversations with a decedent, that Ala.Code 1975, § 12-21-163, also known as the Dead Man’s Statute, provides in part:
“[N]o person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the action or proceeding....”
Wright argues that within the meaning of the Dead Man’s Statute, his wife had no “pecuniary interest” in whether Patterson discharged his promissory note, because Mrs. Wright was not indebted under the note. There was no express finding by the trial court that Mrs. Wright would be directly affected financially by a judgment on the note against Wright. For example, there was no finding that Mrs. Wright was dependent on Wright’s income or that Wright had no significant savings or assets, other than the house owned jointly with Mrs. Wright, that he could liquidate to satisfy a judgment against him.
When a particular factual finding is necessary to support the trial court’s judgment, we may assume that the trial court has made such a factual finding, even in the absence of an express finding, unless *1213 such a finding would be clearly erroneous and against the great weight and preponderance of the evidence. Hawk v. Biggio, 372 So.2d 303, 304 (Ala.1979). Here, it is consistent with the evidence to assume that Mrs. Wright was financially dependent on her husband’s employment income and that Wright had no substantial savings or assets that he could liquidate to satisfy a judgment on the promissory note, other than the house owned jointly with Mrs. Wright. Mrs. Wright lived with Wright in the house that was purchased with the loan proceeds. Mrs. Wright would certainly have a pecuniary interest in remaining in the house. A judgment rendered against Wright in favor of the Patterson estate would result in either a sale of the Wrights’ residence to satisfy the judgment or a decline in Wright’s disposable income on which Mrs. Wright was dependent, or both. Accordingly, we conclude that the trial court could properly find that Mrs. Wright had a sufficient pecuniary interest in the outcome of the trial to render her testimony about conversations with Patterson, regarding a discharge of the debt, incompetent under Ala.Code 1975, § 12-21-163.
However, Wright contends that Eidson v. McDaniel, 216 Ala. 610, 114 So. 204 (1927), mandates a contrary result. Wright argues that Eidson dictates a finding that Mrs. Wright did not have a pecuniary interest in the outcome at trial and, therefore, that her testimony did not offend the Dead Man’s Statute, § 12-21-163.
Regrettably, the facts stated in Eid-son are much less than clear. However, we construe Eidson to hold implicitly that a wife does not possess a pecuniary interest that offends the Dead Man’s Statute merely by her status as a spouse of one with a pecuniary interest. A witness must have a direct and immediate conflict of interest with a decedent’s estate, in his or her own right, to run afoul of the Dead Man’s Statute. Mizzell v. Southern Ry., 132 Ala. 504, 31 So. 86, 87 (1901). This case does not present a situation in which Mrs. Wright would have a pecuniary interest in the outcome of the trial solely because her husband had such an interest. There was legally sufficient evidence that Mrs. Wright had a direct and immediate pecuniary interest in the outcome of trial independent of her legal status as David Wright’s wife. Accordingly, we find Eid-son distinguishable from the present case.
For the foregoing reasons, we affirm the judgment entered by the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.